Stolze and wife, Respondents, vs. The Milwaukee & Lake Winnebago Railroad Company and others, Appellants.

*September 5 — September 26, 1899.*

*Railroads: Condemnation of land: Failure to pay damages: Injunction against operation of road: Receivers: Leave of court to bring action.*

1. Under our statutes no permanent right is acquired in land condemned for a railroad until the damages as finally determined have been paid or their payment provided for as prescribed by law.

2. After the commissioners of appraisal had filed their award in condemnation proceedings, the railroad company deposited the amount thereof with the clerk of the court, and thereupon entered upon

the lands condemned, made excavations for its roadway, and constructed its track. This was done without the consent of the owners, who never voluntarily relinquished the possession of the land. Upon an appeal from the award the owners obtained judgment for a much larger sum, but this was never paid, tendered, or deposited, and an execution on the judgment was returned unsatisfied, the company being insolvent. *Held*, that the owners, having no adequate remedy at law by action in ejectment, were entitled to an injunction against said company and others claiming under it, restraining the operation of the road until payment should be made.

3. Although, in such case, the road was in the possession of receivers, appointed by a federal court, of the property of a company to which the road had been leased, it was not necessary to obtain leave from that court before maintaining the action for an injunction in a state court.

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

For the appellants the cause was submitted on the brief of *Thos. H. Gill*, attorney for the *Milwaukee & Lake Winnebago R. Co.*, and *Howard Morris* and *Thos. H. Gill*, attorneys for *Whitcomb* and *Morris*.

For the respondents there was a brief by *Timlin, Glicksman & Conway*, and oral argument by *W. H. Timlin*. They argued, among other things, that where condemnation proceedings have been resorted to and the legal remedies thereon exhausted, the landowner may have a remedy by injunction to prevent the use of his land without compensation, or, in other words, to secure him in his constitutional rights, ordinary legal remedies having proven unavailing. *Gilman v. S. & F. du L. R. Co.* 40 Wis. 653; *Cherokee Nation v. S. K. R. Co.* 135 U. S. 641; *Irish v. B. & S. W. R. Co.* 44 Iowa, 380; *Richards v. D. M. V. R. Co.* 18 Iowa, 259; *Holbert v. St. L., K. C. & N. R. Co.* 45 Iowa, 23; Lewis, Em. Dom. § 618, and cases in note; 6 Am. & Eng. Ency. of Law (1st ed.), 592, notes 3, 4; *Omaha & N. W. R. Co. v. Menk,* 4 Neb. 21; *Ray v. A. & N. R. Co.* 4 Neb. 439; *Western Md. R. Co.*

*v. Owings*, 15 Md. 199; *Kendall v. M. & C. R. R. Co.* 55 Vt.
438; *Provolt v. C., R. I. & P. R. Co.* 69 Mo. 633; sec. 13,
art. I, Const. Wis.; *Sherman v. M., L. S. & W. R. Co.* 40
Wis. 645; *Thien v. Voegtlander*, 3 Wis. 461; *Shepardson v.
M. & B. R. Co.* 6 Wis. 605; *Loop v. Chamberlain*, 20 Wis.
135; *Newell v. Smith*, 15 Wis. 101; *Birmingham T. Co. v.
Birmingham R. &. E. Co.* 119 Ala. 129; *Gammage v. G. S.
R. Co.* 65 Ga. 614; *White v. N. & N. W. R. Co.* 7 Heisk. 518;
*Chattanooga, R. & C. R. Co. v. Jones*, 80 Ga. 264; *Cooper v.
Anniston & A. R. Co.* 85 Ala. 106; *Woodworth v. Brooklyn
E. R. Co.* 29 App. Div. 1; *Ft. Worth & R. G. R. Co. v. Jen-
nings*, 76 Tex. 373; *Rio Grande & E. P. R. Co. v. Ortiz*, 75
Tex. 607; *Thornton v. S. & B. R. Co.* 84 Ala. 109.

CASSODAY, C. J. This is an appeal from an order overrul-
ing a demurrer interposed by the defendants the *Milwaukee
& Lake Winnebago Railroad Company*, and *Henry F. Whit-
comb* and *Howard Morris*, as receivers of the Wisconsin
Central Railroad Company and the Wisconsin Central Com-
pany, to a complaint alleging, in effect, that prior to July
13, 1895, the plaintiffs were, and. ever since have been, the
owners of the lands described, together with all the houses,
buildings, and improvements thereon; that the same consti-
tuted their homestead; that August 6, 1895, the defendant
the Manitowoc Terminal Company instituted proceedings
in the circuit court for the condemnation of the right of
way, depot grounds, and terminals for that company; that
such proceedings were had therein that commissioners were
duly appointed in such condemnation proceedings at the
instance of that company, and that they made and filed
their award in writing, wherein and whereby they fixed
the amount of compensation to be made to the plaintiffs,
and to the defendant Adolph Piening and the city of Man-
itowoc for the taking of the premises described for the pur-
poses of such railway at $1,766; that such award of the

commissioners was grossly inadequate; that within thirty days from the filing of the same the plaintiffs therein and the Manitowoc Terminal Company each appealed from such award to the circuit court of Manitowoc county; that Adolph Piening never had any interest in such tract of land or in the award, and that the city had no interest in the award and on May 15, 1896, executed and delivered to the plaintiff *Henry Stolze* a transfer and conveyance of all its right, title, and claim of any damage or claim for damage against the Manitowoc Terminal Company, or its successors or assigns, on account of the construction to be made, and in and to the lands described; that immediately after the filing of the award that company paid the amount of such award — that is to say, $1,766 — to the clerk of the circuit court, and without the consent of the plaintiffs, or either of them, entered upon the land so condemned, and excavated the right of way to a depth of about thirty feet at the deepest place, and laid a railroad track thereon, and greatly damaged the adjacent lands of the plaintiffs not actually taken, and rendered worthless the lands for gardening purposes, and the improvements thereupon adapted for such purposes, and rendered inaccessible by the private road or any other convenient way the residence of the plaintiffs, and also the land between the right of way of the Chicago & Northwestern Railway Company and the right of way so taken and excavated; that the plaintiffs never in any way ratified or approved of the payment of $1,766, and never accepted the same, or any part thereof, but at all times forbade the Terminal Company from entering upon the land, or the use of the same, or the excavation thereon, but the Manitowoc Terminal Company wrongfully and without authority of law, notwithstanding the pendency of such appeals, entered upon and took possession of the lands of the plaintiffs, and excavated thereon, and damaged the same, as aforesaid, unlawfully and wrongfully, and without the consent or permission of the plaintiffs.

The complaint then alleges that May 23, 1896, said two
appeals were consolidated into one action; that February 8,
1897, the venue was changed to Brown county; that the
cause was tried in March, 1897, and such proceedings were
had that the jury returned a verdict in favor of the plaint-
iffs and against the Manitowoc Terminal Company for $9,000,
and that April 10, 1897, judgment was duly given and en-
tered upon such verdict in favor of the plaintiffs and against
the Manitowoc Terminal Company for $9,336.29 damages
and costs; that December 4, 1897, the Manitowoc Terminal
Company appealed from that judgment to this court with-
out giving any undertaking thereon except an undertaking
of $250 for the payment of costs in this court; that June 23,
1898, this court affirmed such judgment (100 Wis. 208), and
thereafter the record was duly remitted to the circuit court
of that county; that July 1, 1897, a transcript of such judg-
ment was duly docketed in the circuit court of Manitowoc
county; that thereupon, and on July 1, 1897, an execution
upon such judgment was duly issued, and delivered to the
sheriff of Manitowoc county, in which was the principal office
and place of business of the Manitowoc Terminal Company
at all times when it had an office or place of business, and
that the sheriff was unable to find any goods, chattels, or
property of any kind belonging to the Manitowoc Terminal
Company, and so returned such execution wholly unsatisfied;
that thereafter, upon petition of the plaintiffs therein, an
order was made by the circuit court of Brown county, under
sec. 3216, R. S. 1878, sequestrating the stock, property, and
things in action of the Manitowoc Terminal Company, and
appointing Otto A. Finck, of Milwaukee, receiver of the
same, and that he thereupon qualified as such receiver ac-
cording to law, and as such proceeded in the execution of
his duties and trust as such receiver, and demanded the books
and papers of the Manitowoc Terminal Company, and re-
ceived the same, and thereupon for the first time the plaint-

iffs became aware that the Manitowoc Terminal Company was at all times therein mentioned wholly insolvent, and that no part of its capital stock had ever been paid in, and that it had no property of any kind except the subscriptions to its capital stock, and that such subscriptions to the amount of $500 were made by five persons, who subscribed one share each and purported to pay for the same by services in organizing such corporation, and that the remainder of its capital stock, to the amount of $95,000, was, as claimed by the Manitowoc Terminal Company, to have been subscribed for, taken up, or delivered to the defendant the *Milwaukee & Lake Winnebago Railroad Company*, but the latter company denied that it had subscribed for such stock or any part thereof; that the defendants, the Manitowoc Terminal Company, the Manitowoc & Western Railroad Company, and the *Milwaukee & Lake Winnebago Railroad Company* are, and at all therein mentioned were, wholly insolvent; that, after the Manitowoc Terminal Company entered upon such lands, the plaintiffs demanded of that company to make, erect, furnish, or construct for the plaintiffs a suitable and convenient farm crossing over its road, and connecting the two adjoining pieces of lands of the plaintiffs, separated by such road, but that it failed, neglected, and refused to do so.

The complaint further alleges that the defendants the Manitowoc Terminal Company, the Manitowoc & Western Railroad Company, and the *Milwaukee & Lake Winnebago Railroad Company* were each duly incorporated as railroads under the laws of Wisconsin; that the defendants *Henry F. Whitcomb* and *Howard Morris* were receivers of the property, credits, and effects of the Wisconsin Central Railroad Company, incorporated under the laws of Wisconsin, duly appointed by the United States circuit court, September 27, 1893, in an action of John A. Stewart and Edwin H. Abbot, as trustees, against the Wisconsin Central Railroad Company, and were also thereafter duly appointed receivers of

Wis.]                AUGUST TERM, 1899.                53

Stolze and wife vs. The Milwaukee & Lake Winnebago R. Co.

the Wisconsin Central Company, and duly qualified as such
receivers; that July 1, 1895, the Manitowoc Terminal Com-
pany mortgaged the lands in question and other lands to
said Edwin H. Abbot, to secure the payment of $500,000,
well knowing that the lands so mortgaged were the prop-
erty of the plaintiffs; that July 1, 1895, the Manitowoc Ter-
minal Company attempted to convey by deed to the Manito-
woc & Western Railroad Company the lands of the plaintiffs
in question, which deed was recorded July 22, 1895; that
both of those railroads were organized and managed by the
same persons, and that they and the *Milwaukee & Lake
Winnebago Railroad Company* had full notice and knowl-
edge that the lands in question were the property of the
plaintiffs prior to and at the time of taking such deed; that
July 1, 1895, the Manitowoc & Western Railroad Company
attempted to convey and transfer the strip of land in ques-
tion, with other lands, to the *Milwaukee & Lake Winnebago
Railroad Company*, so managed and controlled by the same,
or many of the same, persons interested in the management
of the Wisconsin Central Railroad Company, and had full
knowledge and notice of the condemnation proceedings and
the plaintiffs' ownership of such lands; that May 23, 1896,
the *Milwaukee & Lake Winnebago Railroad Company* leased
the strip of land in question to *Henry F. Whitcomb* and
*Howard Morris*, as such receivers, who thereupon, as such
receivers, wrongfully, and without consent of the plaintiffs,
went into possession of the lands in question, and have con-
tinued in possession thereof, using and occupying the same
ever since; that all of the acts and doings of the Manitowoc
Terminal Company and the Manitowoc & Western Railroad
Company in respect to the condemnation of the lands in
question, and the transfer of the same to the *Milwaukee &
Lake Winnebago Railroad Company*, were done and taken
solely as the agents of the latter company; that neither of
the defendants ever paid to the plaintiffs such judgment so

affirmed by this court, or any part thereof, or the subsequent costs accrued thereon, or any part thereof, or any sum of money or thing of value whatever, as compensation for the lands of the plaintiffs so taken; that neither of the plaintiffs has ever received from any person, or in any manner, any compensation for such lands; that the plaintiffs are without adequate remedy at law in the premises; that the defendant Piening was made defendant herein merely because he was a party to the original condemnation proceedings prior to the appeal therein from the award of said commissioners, but that Piening has no interest in the lands in question or the award, and no personal claim is made against him.

Upon such complaint the plaintiffs pray judgment that the defendants, and each and every one of them, be enjoined and restrained from entering upon the land in question, or running locomotives or trains of cars over the same or any part thereof, or in any way interfering with the plaintiffs' possession and use of the same.

As indicated, the commissioners appointed in the condemnation proceedings made and filed with the clerk of the court their award to the plaintiffs of $1,766, August 6, 1895, and the Manitowoc Terminal Company immediately thereafter paid that amount to the clerk of the court for the use of the plaintiffs, and thereupon, and without the consent of the plaintiffs, or either of them, entered upon the lands so condemned, and excavated the same to the depth of thirty feet, and constructed a railroad track thereon. Within thirty days from the time of filing such award the plaintiffs and the Manitowoc Terminal Company severally appealed to the circuit court. Upon the trial of those appeals the plaintiffs succeeded in increasing such compensation or damages to $9,000. The judgment entered upon that verdict in favor of the plaintiffs was affirmed by this court. 100 Wis. 208. It appears that no part of that judgment has ever been paid, and that the plaintiffs have exhausted all their remedies at

law for the collection of the same. The question recurs whether the plaintiffs can maintain this action to restrain the defendants from running their trains and locomotives over the strip of land in question, and from interfering with the plaintiffs' possession and use of the same. Before determining this question, it may be well to consider the provisions of our constitution as construed by the courts.

The constitution provides that "the property of no person shall be taken for public use without just compensation therefor." Sec. 13, art. I, Const. Wis. In considering that section, the supreme court of the United States has held that: "The constitutional provisions of the United States and of the several states which declare that private property shall not be taken for public use without just compensation were intended to establish this principle beyond legislative control." *Pumpelly v. Green Bay Co.* 13 Wall. 166. In one of the earliest decisions of this court it was held that: "Before any *permanent* occupation or possession can be taken or had of lands required for railroad purposes, such compensation therefor as may have been agreed on between the company and the landowner, or ascertained according to the provisions of the charter, must be actually paid or tendered." *Milwaukee & M. R. Co. v. Eble,* 3 Pin. 334. To the same effect, *Thien v. Voegtlander,* 3 Wis. 461; *Pratt v. Brown,* 3 Wis. 603; *Norton v. Peck,* 3 Wis. 714; *Shepardson v. M. & B. R. Co.* 6 Wis. 605. In this last case an act of the legislature was held to be invalid because it authorized the taking without making compensation therefor or providing the means by which compensation could be obtained. In that case, WHITON, C. J., speaking for the court, said: "Admitting that the court has the power to issue a writ of *mandamus* to compel a private corporation to perform a duty enjoined upon it by law, we still think that the owner of property which is taken for public use should not be compelled to resort to such a proceeding to obtain com-

pensation." See *Hood v. Finch*, 8 Wis. 381; *Powers v. Bears*, 12 Wis. 214; *Newell v. Smith*, 15 Wis. 101. In this last case a statute was held void which required payment to be made to the owner of "the value of the land, to be ascertained by the verdict in an action of trespass." See *Pomeroy v. M. & C. R. Co.* 16 Wis. 640; *Loop v. Chamberlain*, 20 Wis. 135.

It logically follows from these adjudications that the compensation required by the constitution must not only be agreed upon or ascertained as prescribed by law, but actually paid, or tendered, or deposited as required by law. The statutes of this state do not seem to contemplate the acquisition of any permanent right in the land condemned until the damages, as finally determined, are either paid or the payment provided for as prescribed by law. Thus our statute provides, in effect, that upon the award being filed, and the amount thereof being deposited with the clerk, the corporation is entitled to a writ of assistance, when the owner has appealed, only upon "giving security in such additional amount as the court or judge shall require to pay any judgment that shall be recovered against it on appeal." Sec. 1850, Stats. 1898. The same statute further provides that: "If such corporation be in possession . . . of such land pending an appeal the owners . . . shall be entitled to receive the money paid into court on account of the award appealed from, *without prejudice to the appeal taken.*" So it provides that: "If such corporation shall omit for the space of sixty days to pay . . . the amount of any *final* judgment which shall be rendered upon an appeal from such award, the party interested in such award or judgment, may have execution upon said judgment without motion, or for the amount of such award upon motion." Another statute provides that: "When, after the determination of such appeal, the railroad corporation shall have paid into court the amount of the judgment rendered thereon, . . . the clerk

of said court shall make a minute of such payment," etc.,
" and thereupon the exclusive use of said premises and every
part and parcel thereof shall vest in such corporation, its
successors and assigns, so long as used for railroad purposes,
without any other or further act, deed or conveyance." Sec.
1851, Stats. 1898. So the statute provides, in case of de-
fective title, in effect, that the corporation is only to have
possession " on its paying into court a sufficient sum or
giving such security as such court or judge may direct to
pay the compensation therefor when _finally ascertained;_
. . . but no injunction to restrain the completion or oper-
ation of the road shall be granted _until such compensation
has been fixed and determined._" Sec. 1852, Stats. 1898. The
manifest implication is that, if such compensation is not so
paid or provided for when so " finally ascertained," then an
injunction may be granted restraining the completion or
operation of the road. This implication is in harmony with
the decisions of this court. _Bohlman v. G. B. & M. R. Co._
40 Wis. 157–169; _Sherman v. M., L. S. & W. R. Co._ 40 Wis.
645; _Gilman v. S. & F. du L. R. Co._ 40 Wis. 653. In the
first of these cases it was said by Chief Justice RYAN, speak-
ing for the court: " It is a very easy thing for the respondent
to acquire the right of way over the appellant's land, mak-
ing just compensation to him according to the constitution
and the statutes. In the meantime, let the consequences be
what they may, the appellant is entitled, _ex debito justitiæ,_ to
the judgment which he seeks," — which was an injunction
restraining the company from constructing its road on the
land. In the last case cited the landowner had recovered a
judgment for damages for the land taken, and while it re-
mained unpaid the railroad company mortgaged the road,
including the lands so taken, and that mortgage was fore-
closed, and the purchasers at the foreclosure sale organized
a new corporation under the statutes, which new corpora-
tion, with knowledge of the facts, continued to operate its

Stolze and wife vs. The Milwaukee & Lake Winnebago R. Co.

road over the land so taken; and it was held that equity would restrain the new corporation from further maintaining and operating its road over such land, *except upon payment of such judgment against the old corporation.*

The only question we have had as to the right of the plaintiffs to this equitable relief is whether they have not an adequate remedy at law by an action of ejectment. In such an action a recovery may be had, not only of the property and possession, but also of damages for the withholding of such possession. Sec. 3073, Stats. 1898. But after carefully considering the allegations of the complaint we are satisfied that the plaintiffs in this action have no such adequate remedy. It will be observed from the statement made that the plaintiffs never voluntarily relinquished the possession of the land, nor consented to the excavations made, nor to the construction of the railroad upon the same. We must hold that the complaint states a good cause of action for such equitable relief.

Counsel further contends that the complaint is defective in not alleging that permission was obtained from the federal court appointing such receivers to commence and maintain this action in the state court. It is enough to say that the statutes of the United States expressly authorize the commencement of an action against receivers or managers of any property who have been appointed by any federal court in respect to any of their acts or transactions "in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed." 24 Stats. at Large, 554, ch. 373, sec. 3; *McNulta v. Lochridge,* 141 U. S. 327; *Texas & P. R. Co. v. Johnson,* 151 U. S. 81. Besides, the right to maintain this action is governed by the laws of this state.

*By the Court.*— The order of the circuit court is affirmed.