### ROGERS *v.* CHIPPEWA CIRCUIT JUDGE.

RECEIVERS — APPOINTMENT BY FEDERAL COURT — INJUNCTION BY STATE COURT—TELEPHONE COMPANIES—RATES.

Notwithstanding the provisions of chapter 866, 25 U. S. Stat. 436, § 3, a State court has no jurisdiction to entertain a suit for an injunction against a receiver for a telephone company appointed by a Federal court, the effect of which would be to compel him to reduce the rate charged complainant for telephone service to that fixed by a city ordinance.

*Mandamus* by Thomas N. Rogers to compel Joseph H. Steere, circuit judge of Chippewa county, to vacate an order dismissing a bill for an injunction. Submitted October 27, 1903. (Calendar No. 20,155.) Writ denied November 17, 1903

*W. A. Coutts, A. R. Macdonell,* and *Holden & Holden* ( *Cahill & Wood,* of counsel), for relator.

*Dickinson, Stevenson, Cullen, Warren & Butzel,* for respondent.

CARPENTER, J.   On the 16th of May, 1903, relator filed a bill in the circuit court for the county of Chippewa, in chancery, against the Union Trust Company, receiver for

the Michigan Telephone Company. In that bill, relator averred that on the 23d of February, 1903, the Michigan Telephone Company was engaged in the business of leasing telephones to the public, and supplying the public with telephonic service in the city of Sault Ste. Marie; that on that day the Union Trust Company was duly and legally appointed receiver for said Michigan Telephone Company by the United States Circuit Court, Sixth Circuit, and is now, and has been continuously since the day and year last aforesaid, engaged in the business of leasing telephones to the public; that relator has for some time, not definitely stated, leased one of said telephones, and has heretofore paid therefor under protest the sum of $36 per year; that he is entitled to have said service, by virtue of an ordinance passed by the city of Sault Ste. Marie, as well as by virtue of the charges to others, at the rate of $24 per year; that he has tendered money on this basis to the receiver; that the receiver insists that relator continue to pay at the rate of $36 per year, and threatens to deprive him of telephonic service if such payment is not made. Relator prays in his bill for both a temporary and permanent injunction, restraining defendant from carrying out its threat.

On the filing of this bill, a temporary injunction was issued, as therein prayed. Subsequently the receiver, without conceding the jurisdiction of the circuit court, filed therein a certified copy of its order of appointment, and of the bill upon which said appointment was based, and suggested that the circuit court for the county of Chippewa, in chancery, could not entertain jurisdiction of complainant's suit. Still later—July 23, 1903—the circuit court entered this order:

"The suggestion filed on the 4th day of June, A. D. 1903, in the above-entitled cause, by the defendant, questioning the jurisdiction of this court, and setting forth the pendency of receivership proceedings in the United States Circuit Court, Sixth District, in equity, having been brought on for hearing, this court orders that the in-

junction awarded by an order of this court dated May 16, A. D. 1903, do stand dissolved, and all proceedings therein be dismissed; and the complainant is hereby left, without prejudice, to the United States Circuit Court, Sixth District, in equity, for the enforcement of whatever rights or remedies he may be entitled to in the premises."

Relator applies to this court for a *mandamus* compelling the vacation of the order above set forth.

The right of the court below to entertain jurisdiction depends upon the proper construction of section 3 of an act of Congress enacted March 3, 1887, as amended August 13, 1888 (chapter 866, 25 Stat. 436). That section reads as follows:

"That every receiver or manager of any property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed. But such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

To grant relator relief on his bill, a State court must determine that he is entitled to telephone service at a lower rate than heretofore charged him. The order of the federal court appointing the receiver contains this language:

"Said receiver is hereby authorized and directed to furnish all telephones and telephone service on the terms and conditions and at the rates now charged by the defendant [the Michigan Telephone Company] until the further order of this court."

There is force in relator's contention that it is not intended by this order to direct the receiver to continue to discriminate against any particular person. The order clearly indicates, however, what we should know without it, that the court which appointed the receiver claims the right to determine the rate upon which telephone service shall be furnished. The right to make this determination

135 MICH.—6.

necessarily belongs to that court, and this right is necessarily exclusive. A State court has no more right to determine the rent which the receiver shall charge one person than it has to determine what it shall charge all persons. If such a determination were made, it would, under the language of the statute, "be subject to the general equity jurisdiction of the court in which such receiver was appointed." It follows that, if the State court should issue an injunction in this case, its enforcement would depend upon the judgment of the federal court appointing the receiver. The proposition that State courts should issue such injunctions cannot be seriously entertained for a moment. No court should assume jurisdiction of a controversy unless it can make a binding decision therein.

In support of the contention that the State court should assume jurisdiction in this case, relator cites the following cases: *Reinhart* v. *Sutton*, 58 Kan. 726 (51 Pac. 221); *Stolze* v. *Railroad Co.*, 104 Wis. 47 (80 N. W. 68); *State, ex rel. Attorney General*, v. *Frost*, 113 Wis. 623 (88 N. W. 912). In *Reinhart* v. *Sutton*, *supra*, the State court determined that a receiver appointed by a federal court had committed a nuisance in digging a ditch. Its jurisdiction to compel the ditch to be refilled, and the receiver to pay damages caused by its excavation, was upheld. That case is clearly distinguishable from the one at bar. The judgment pronounced in the State court in no way interfered with the right of administering the trust reserved in the federal court.

In *State, ex rel. Attorney General*, v. *Frost, supra*, the supreme court of Wisconsin permitted the attorney general to apply for an injunction restraining the receiver of the federal court from destroying a railroad in the State, saying:

"When there is brought to our attention by the highest law officer of the Commonwealth a state of facts from which it may be seriously argued that the federal court has, in excess of its jurisdiction, invaded the rights and

prerogatives or sovereignty of the State, this court will not hesitate to examine and decide such questions."

We need go no further to show the distinction between that case and the one at bar.

The case of *Stolze* v. *Railroad Co., supra*, also decided by the supreme court of Wisconsin, is more nearly in point. In that case the complainants sought an injunction restraining the receivers appointed by the federal court from operating a railroad across their land before payment of the compensation to which they were constitutionally entitled. The jurisdiction of the State court to issue this injunction was upheld. It is sufficient to say of that case that it did not there appear as clearly as it does in the case at bar that the effect of the injunction was to interfere with the power of administering and managing trust property necessarily reserved to the court appointing the receiver.

While we find no case precisely like the suit at bar, there is no lack of authority for the views expressed in this opinion. Chief Justice Fuller, in speaking of the law under consideration, said:

"As, however, the receiver, as the officer of the court, holds the property for the benefit of all who have an interest in it, and is not to be interfered with in its administration and disposal by the judgment or process of another court, the closing clause of the section, out of abundant caution, provides that, when the receiver is sued without leave, 'such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice.'"    *Gableman* v. *Railway Co.*, 179 U. S. 338 (21 Sup. Ct. 171).

"No court can interfere with the custody of property held by another court through a receiver."    *Dillingham* v. *Russell*, 73 Tex. 47 (11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753).

"No rule is better established than that a court having the custody of property through the agency of its receiver will not suffer that possession to be disturbed, either by a

levy or sale under process issued by some other court, or by the bringing of an independent suit against its receiver to recover the possession of the *res*, or to enforce a lien thereon, or to establish any claim thereto." *Minot* v. *Mastin*, 95 Fed. 737, 37 C. C. A. 236.

"In the case of *Zimmerman* v. *So Relle*, 25 C. C. A. 518, 520 (80 Fed. 417), and in *Merritt* v. *Barge Co.*, 24 C. C. A. 530, 533 (79 Fed. 228), this court held that when a suit is brought to enforce a lien against specific property, or to marshal assets, or to administer a trust, or to liquidate an insolvent estate, and in all other cases of a similar kind, where, in the progress of the case, the court may find it necessary or convenient to assume control of the property in controversy, the court which first acquires jurisdiction of such a case by the issuance and service of process is entitled to retain it to the end, without interference on the part of any other court of co-ordinate jurisdiction." *Memphis Sav. Bank* v. *Houchens*, 115 Fed. 110, 52 C. C. A. 176.

"But, considering it [the law under consideration] in the light of and as in harmony with the seventh amendment of the Constitution of the United States, we must construe it as applying only to suits which seek to interfere with the receiver's possession of property, and to process the execution of which would have that effect." *Dillingham* v. *Hawk*, 60 Fed. 497, 9 C. C. A. 104, 23 L. R. A. 517.

"The possession of property by receivers, under the appointment and order of a court in a cause, is the possession of and for the court in that cause. No suit or proceeding touching the property can be maintained but in that court in that cause, or by leave of court obtained in that cause. This result follows from the nature and scope of the proceedings, is necessary for the purposes for which receivers are appointed, and is elementary. The statute which allows suits against a receiver 'in respect of any act or transaction of his in carrying on the business connected with such property' does not change this as to suits affecting the property itself.". *American Loan & Trust Co.* v. *Railroad Co.*, (C. C.) 84 Fed. 917.

We therefore approve the order of the circuit judge, and decline to issue the *mandamus* prayed for.

The other Justices concurred.