ROBINSON v. MUTUAL RESERVE LIFE INS. CO.

SCOVILL v. SAME.

(Circuit Court, S. D. New York.   June 6, 1908.)

1. COURTS—PRIORITY OF JURISDICTION—POSSESSION OF PROPERTY.
    It is the law of the federal courts that the court which first takes possession of property cannot be disturbed or interfered with in such possession by any other court.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1386.
    Jurisdiction as affected by possession of the subject-matter, see note to Adams v. Mercantile Trust Co., 15 C. C. A. 6.]

2. SAME.
    A federal court of equity, which has acquired jurisdiction to administer the property of an insolvent corporation by taking possession of the same by its receivers in an appropriate suit, is not deprived of such jurisdic-

tion by a subsequent dissolution of the corporation by the judgment of a state court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1407.]

3. CORPORATIONS—INSOLVENCY—CREDITORS' SUIT.

A court of equity has jurisdiction to sequestrate the property of an insolvent corporation in a creditors' suit, where the bill charges fraud as well as insolvency.

4. COURTS—PRIORITY OF JURISDICTION—POSSESSION OF PROPERTY.

Code Civ. Proc. N. Y. §§ 1784, 1785, 1788, 1793, provide for two proceedings to sequestrate and distribute the property of insolvent corporations: One, applicable to all corporations, at suit of a judgment creditor whose execution has been returned unsatisfied, and the other, applicable to certain corporations including insurance companies, by a suit for dissolution brought by the Attorney General. In either case the assets are administered by a receiver appointed by the court. *Held*, that the creditors' suit so provided for may be maintained in a federal, as well as a state, court, and that, where a federal court in such a suit had taken possession of the assets of an insolvent insurance company by its receivers, the suit was not abated nor the court's jurisdiction ousted by the subsequent institution of a suit for dissolution by the Attorney General in which receivers were also appointed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1407.]

5. INSURANCE — LIFE INSURANCE COMPANY — INSOLVENCY — RIGHTS OF POLICY HOLDERS.

Upon the insolvency of a life insurance company, its policy holders become creditors, with the same right as other creditors, to maintain a suit for the liquidation of its affairs under a state statute giving such right to judgment creditors, and the objection that they had not reduced their claims to judgment and issued executions thereon may be waived by the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 51.]

In Equity. On motion to vacate appointment of receivers and surrender the property of defendant to state receivers.

Robert M. Luce, for petitioners.

Byrne & Cutcheon and Wm. Beverly Winslow (James Byrne, of counsel), for respondents.

WARD, Circuit Judge. To two bills in equity filed by policy holders citizens of states other than the state of New York, charging the Mutual Reserve Life Insurance Company, a domestic corporation, with fraud and insolvency, and asking that certain fraudulent assessments be set aside, and that receivers be appointed to collect and distribute the assets of the defendant, the defendant company filed answers admitting insolvency and joining in the prayers of the bills.

February 17, 1908, this court appointed receivers and directed that all the company's property be conveyed and assigned to them, which was done. February 19th, the Attorney General of the state of New York began a proceeding in the state court to dissolve the defendant, in which temporary receivers were appointed, who were subsequently made permanent. April 10, 1908, judgment dissolving the defendant was entered by default in the action pending in the state court. The state receivers now move that this court direct that the property in the hands of its receivers be turned over to the state receivers for distribution, and the appointment of the federal receivers be vacated.

It is the law of the federal courts, and, I believe, of all others, that the court which first takes possession of property cannot be disturbed or interfered with by any other court. Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257.

The state receivers, while admitting that the federal court has jurisdiction in equity to distribute the property of insolvent corporations, make several objections to the further exercise of the jurisdiction by this court in this cause. Before considering these objections, it may be pointed out that many objections which have been or might have been successfully made in the reported cases by a defendant corporation resisting the appointment of a receiver are waived when the corporation, as in this case, submits itself and joins in the prayer of the bill. Authorities cited are to be read with this consideration in mind.

It is said that by the decree of the state court dissolving the defendant causes pending in this court are abated, and that nothing further can be done in them. These actions, however, are in equity, and may be revived, and, indeed, without revivor, I think receivers are entitled to administer the trust fund in the hands of the court, because the court can operate upon the company's property even if it cannot operate upon the company itself. General Electric Co. v. West Asheville Improvement Co. (C. C.) 73 Fed. 386; Rio Grande Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155, 33 L. Ed. 400; Lake Superior Iron Co. v. Brown, Bonnell & Co. (C. C.) 44 Fed. 539; Leadville Coal Co. v. McCreery, 141 U. S. 475, 12 Sup. Ct. 28, 35 L. Ed. 824.

It is further said that there is no jurisdiction in equity to sequestrate the property of a corporation on the ground of insolvency merely; but the bills in this court allege not merely insolvency, but fraud, which is a recognized head of equitable jurisdiction.

It is further objected that a court of equity derives its power to sequestrate the property of a corporation entirely from the law of the state of incorporation. Jones v. Mutual Fidelity Co. (C. C.) 123 Fed. 506. Admitting for the purposes of argument that this is so, I proceed to inquire what the law of the state of New York upon the subject is:

Sections 1784, 1788, and 1793 of the Code of Civil Procedure authorize a judgment creditor whose execution has been returned wholly or partly unsatisfied to maintain an action to procure a judgment sequestrating the property of a corporation and providing for a distribution thereof among its fair and honest creditors, as in the case of a voluntary dissolution, and authorizes the court to appoint a receiver for that purpose.

Sections 1785, 1788, and 1793 of the same Code authorize the Attorney General to maintain an action to procure a judgment dissolving a corporation having power to make insurances and authorize the court to appoint a receiver to distribute its property among its fair and honest creditors, as in case of a voluntary dissolution.

Section 80 of the insurance law (Laws 1892, p. 1967, c. 690) subjects insurance companies which have taken advantage of the provi-

sions of article 2, c. 15, tit. 2, as the corporation in this case has done, to the provisions of that article in relation to the distribution of its assets. These provisions are that, if the Superintendent of Insurance shall be of the opinion that the company is insolvent, he shall so report to the Attorney General, who shall bring such action as may be authorized by law to be taken against an insolvent insurance company, viz., the above-mentioned provisions of sections 1785, etc., of the Code of Civil Procedure, and, if the court is satisfied of the insolvency, it shall appoint a receiver, who shall proceed in accordance with the provisions of sections 77 and 78 of the insurance law. There is nothing contained in these sections which a receiver appointed by this court cannot do as well as the receiver appointed by the state court.

It will, accordingly, be seen that the law of the state of New York authorizes two proceedings, one to sequestrate and distribute the property of an insolvent corporation at the suit of a judgment creditor, and the other to dissolve certain insolvent corporations, including insurance companies, and distribute their property, in an action by the Attorney General. If an action had been begun in the state court under section 1784, and a receiver had been appointed, it can hardly be supposed that the receiver could have been displaced if the Attorney General subsequently began an action to dissolve the corporation under section 1785. I think there would be no more reason for displacing the receivers appointed by this court because subsequent to their appointment the Attorney General began a proceeding in the state courts, under section 1785 of the Code of Civil Procedure, to dissolve the corporation.

These complainants, upon the insolvency of the company, became creditors. As Mr. Justice Bradley said, in the case of Carr v. Hamilton, 129 U. S. 252, at page 256, 9 Sup. Ct. 295, at page 296, 32 L. Ed. 669:

"It is difficult to see why this principle of justice should not apply to persons holding policies of life insurance in a company which becomes bankrupt and goes into liquidation. By that act the company becomes civiliter mortuus, its business is brought to an absolute end, and the policy holders become creditors to an amount equal to the equitable value of their respective policies and entitled to participate pro rata in those assets."

The fact that the complainants have not recovered judgment or issued executions which were returned wholly or partly unsatisfied is a defense that may be, and has been, waived by the defendant. Hollins v. Briarfield Coal Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. Accordingly, if the jurisdiction of this court depends upon statutory authority, the law of the state of New York supplies it.

It is further objected that section 56 of the insurance law restricts the right to maintain an action for the appointment of a receiver of an insurance company to the Attorney General, except in an action by a judgment creditor. This section was repealed by section 15, c. 326, p. 773, Laws 1906. If, however, this law of the state of New York were to be regarded as part of the contract of insurance, and as such binding upon the court as well as upon the parties (Relfe v.

Rundle, 103 U. S. 222, 26 L. Ed. 337), the answer is that the action in this court is by complainants having the same standing as judgment creditors. Further, the decision in the Relfe Case, and in those following it (Taylor v. Life Association [C. C.] 13 Fed. 493, and Fry v. Life Association [C. C.] 31 Fed. 197), proceeded upon the ground that title to the defendant's property was by the law of the state of incorporation vested in an official of the state, as distinguished from a receiver appointed by the court. The law of New York makes no such provision, and, on the contrary, directs that the distribution of the property shall be made by receivers to be appointed by the courts.

The state court and its receivers have moved in this matter in the most courteous spirit, and this court, in a similar spirit, while feeling obliged to exercise its jurisdiction lawfully invoked (Hyde v. Stone, 20 How. 170, 175, 15 L. Ed. 874), will in the administration of the trust conform as far as possible to the requirements of the state statutes (Mercantile Trust Co. v. M., K. & T. Railway Co. [C. C.] 48 Fed. 351).

The motion is denied.