Edgar H. Little, Jr., Appellant, v. Chicago National
   Life Insurance Company and The Lincoln National
   Life Insurance Company, Appellees.

434

Opinion filed March 4, 1937. Rehearing denied April 6, 1937.

BEASLEY & ZULLEY, of East St. Louis, for appellant.

WILBUR E. KREBS, of Belleville, CLYDE J. COVER and GORDON C. REEVES, both of Ft. Wayne, Ind., for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On March 28, 1933, plaintiff filed his bill of complaint in the circuit court of St. Clair county against the Chicago National Life Insurance Company and the Pacific States Life Insurance Company, seeking to set aside certain alleged fraudulent conveyances, for discovery and for other relief. On December 18, 1935, the Lincoln National Life Insurance Company was made a party defendant, it being alleged to be indebted to, and have in possession, assets of the Chicago National Life Insurance Company. After service of summons, and on February 26, 1936, it filed its motion to dismiss, the purport of such motion being that the superior court of Cook county, in a suit instituted in that court in 1932, had acquired jurisdiction of the subject matter herein involved, and that such proceeding was still pending. A hearing was had on such motion on March 20, 1936, and time was granted to defendant to file certain documentary evidence and a brief in support of its contention. On the same day the defendant filed another motion which contested the validity of the service upon it. No further reference appears as to the last motion and it does not seem to have been called to the court's attention, nor was any hearing ever had thereon.

The court, on May 23, 1936, sustained the motion of said defendant to dismiss it out of the cause, and gave judgment in its favor and against plaintiff in bar of the action and for costs. From this order the plaintiff has appealed, his first contention being that the order is vague and indefinite, and from it cannot be known which of said motions the court was ruling upon.

With this we do not agree. It seems clear that the court, having had a hearing upon the motion filed on February 26, 1936, and having given leave to defendant to file documentary proof and a brief in support of its contention, and not having set for hearing nor in any way having heard the second motion filed on March 20, 1936, was ruling upon the first motion. It seems unlikely that the court would attempt to decide the second motion without a hearing thereon. At the time of its decision the court had under advisement the first motion, and so far as the record discloses had never had the last motion brought to its attention for a ruling. We are therefore satisfied from the record that the court's ruling was on the motion filed on February 26, 1936.

Plaintiff, upon the assumption that the trial court was ruling upon such motions, contends that its decision thereon was error for a number of reasons; first, that the suit in Cook county, which was, in effect, an action to appoint a receiver for the Chicago National Life Insurance Company and for other relief, was not brought by the attorney general at the request of the director of trade and commerce as the statute required.

It appears that on May 24, 1932, the Pacific States Life Insurance Company brought suit in the superior court of Cook county against the Chicago National Life Insurance Company and Leo H. Lowe, director of the department of trade and commerce. The former answered, admitting all of the allegations of the

bill, and the director of trade and commerce also filed answer, which, the decree recites, did not object to the appointment of a receiver. A receiver was thereupon appointed and the court therein expressly reserved its jurisdiction of the cause for the purpose of entertaining thereafter any intervening petition which said director of trade and commerce might be minded to file.

Later, and on December 21, 1932, or three months before the present suit was instituted, Leo H. Lowe, director of trade and commerce, filed his intervening petition in the former suit, being represented therein by the attorney general; averring the insolvency of the Chicago National Life Insurance Company, and asking that a receivership therefor be decreed by the court. On June 15, 1933, the prayer of such petition was granted, and receivers were appointed, who qualified as such after the receiver appointed under the original bill in said cause had been discharged, as required by the decree upon the intervening petition, and all the assets of the Chicago National Life Insurance Company, which had come into the possession of the Pacific States Life Insurance Company by virtue of a reinsurance contract, were by later order of said superior court ordered turned over to such receivers, who acted as such until May 3, 1935, when said court appointed in their stead a new receiver who qualified and is still acting in such capacity.

Without considering whether the original suit brought in the superior court of Cook county was erroneous, as not having been instituted by the director of trade and commerce, it is sufficient to note that on December 21, 1932, while such proceeding was pending, and three months before the present suit was commenced, the director of trade and commerce, acting through the attorney general, filed therein his intervening petition praying for a receivership. This was

tantamount to and had the same force as though such director had filed an independent suit seeking such relief, and was sufficient under par. 105 (8a), ch. 73, Cahill's R. S. 1933. It was therefore of no concern whether the original suit had been properly instituted or not. The filing of the intervening petition conferred jurisdiction upon the court to hear and determine the matter of receivership. *People ex rel. Lowe v. Old Colony Life Ins. Co.,* 270 Ill. App. 403; *O'Neil v. Welch,* 245 Fed. 261; *In re Equitable Fire Ins. Co.,* 198 N. Y. S. 869; *Port Newark Nat. Bank v. Waldron,* 46 F. (2d) 296.

That the superior court of Cook county had jurisdiction in matters of receivership, and was authorized to entertain the intervening petition, cannot be questioned, and it is the settled rule that in all matters of receivership the court which first acquires jurisdiction of the subject matter and the parties, retains it until the final disposition of the cause, to the exclusion of all other courts of concurrent jurisdiction. *Rogers v. Chippewa Circuit Judge,* 135 Mich. 79, 97 N. W. 154; *Schaberg's Estate v. McDonald,* 60 Neb. 493, 83 N. W. 737; *Robinson v. Mutual Life Ins. Co.,* 162 Fed. 794. Moreover, in such event the assets of the person or corporation, for whom the receiver has been appointed, are in the status of *custodia legis,* and their exclusive possession is in the receiver under the direction of the appointing court. *Harkin v. Brundage,* 276 U. S. 36; *Evans v. Illinois Surety Co.,* 319 Ill. 105. Further, the jurisdiction so acquired is exclusive and is not subject to interference or intervention by another person in a creditor's bill or a like proceeding brought in another court, though it be one of concurrent jurisdiction. *Jackson v. Lahee,* 114 Ill. 287; *Richards v. People,* 81 Ill. 551.

In order to confer such jurisdiction, it was not necessary that there be joined in such suit the creditors,

nor that the stockholders be made parties, unless some relief or discovery was sought from or against them. *Ward v. Farrell,* 97 Ill. 593; *Carrington v. Thomas C. Basshor Co.,* 121 Md. 71, 88 Atl. 52.

The creditor or other interested party, in order to share in the assets of the insolvent corporation, is required to prove his claim in the court which appointed the receiver and empowered him to take possession and charge of its assets. *Evans v. Illinois Surety Co., supra.*

Hence the receivership suit in Cook county, which involved the custody and disposition of the assets in question, was also the only forum where plaintiff might lawfully litigate his claim and right to participate in such assets. It was therefore another suit pending between the same parties for the same cause, within the meaning of par. (d), sec. 48, of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 176; Jones Ill. Stats. Ann. 104.048. The last mentioned section provides that the court may dismiss the suit in any one of nine instances, one of which is, "that there is another action pending between the same parties for the same cause."

We think the record discloses that such situation existed, and that the court rightfully dismissed the action.

*Judgment affirmed.*