CHICAGO LIFE INSURANCE COMPANY

*v.*

THE AUDITOR OF PUBLIC ACCOUNTS.

*At Ottawa, September Term, 1881.*

APPEAL—*what is a final decree*—*in a proceeding by the Auditor for the dissolution of an insurance company.* In a proceeding by the Auditor of Public Accounts, under the act of 1874, for the dissolution of an insurance company, upon the filing of the petition the court below entered an order appointing a receiver of the corporation, and awarding a preliminary injunction to restrain the company from any further prosecution of its business until the further order of the court. Subsequently, upon a hearing of the cause, the court entered a decree making the injunction theretofore granted, perpetual, and ratifying and confirming the previous appointment of the receiver. It was *held*, that the nature and character of the decree were such that it settled the ultimate rights of the parties, and determined that the corporation was in such condition as to be liable to that proceeding. So the decree was to be regarded as so far final that a writ of error would lie to bring it in review before the Supreme Court.

WRIT OF ERROR to the Circuit Court of Cook county.

On the 7th day of July, 1877, the Auditor of Public Accounts filed in the circuit court of Cook county a petition for the dissolution of the Chicago Life Insurance Company, under the act of 1874 on that subject. The petition is as follows:

"Your petitioner, T. B. Needles, Auditor of Public Accounts for the State of Illinois, respectfully represents as such Auditor, and in his official capacity, that he has lately, as Auditor as aforesaid, caused an examination to be made, in pursuance of an act of the General Assembly of said State, entitled 'An act in regard to the dissolution of insurance companies,' approved February 17, 1874, and in force July 1, 1874, of the Chicago Life Insurance Company, of Chicago, a corporation organized and existing under and by virtue of and subject to the laws of said State of Illinois, and having

its principal place of business in the city of Chicago; and that the result of the said examination, and the general condition and amount of the assets and liabilities of said company, appear in schedule hereto annexed, and marked 'Exhibit A,' and which your petitioner craves may be taken and considered as a part hereof. And your petitioner shows that, from such examination, he is of the opinion that the condition of said company is such as to render its further continuance in business hazardous to the insured therein, and that your petitioner has so certified to the Attorney General. Therefore your petitioner prays that the said company may be summoned to answer your petitioner respecting the matter herein set forth; and that they may be enjoined and restrained from further proceeding with their said business; and that a receiver may be appointed to take charge of the real estate and effects of said company, in pursuance of the act aforesaid, and with the powers therein prescribed and usually vested in a receiver. And that in the meantime, and until the cause may be heard, the said company may be temporarily enjoined as above prayed, and that a receiver be named and empowered, and that your petitioner may have such other and further relief as may be meet. And the petitioner prays that the usual writs of summons and injunction may be issued as aforesaid. And your petitioner will ever pray," etc.

On the same day the circuit court entered the following order:

"And now comes said complainant, by E. B. Sherman, his solicitor, and moves the court to appoint a receiver of said company, pursuant to the statute in such case made and provided, and said defendant, having been duly served with notice, also comes by C. C. Bonney, its solicitor, appearing for the purpose of this motion, and not waiving any of the rights of said defendant, but insisting upon the same; and the court having heard counsel on said

motion, it is thereupon ordered that George M. Bogue, of Chicago, in county of Cook, be, and he is hereby, etc., appointed receiver of all and singular the real estate, personalty, choses in action, bonds, bills, notes, securities, evidences of indebtedness, books, records, moneys, checks, drafts, and property and assets of every nature, real and personal, of and belonging to said defendant, or in any manner held in trust for or subject to the control of said defendant, as the same are on this 7th day of July, with power to take possession of the same forthwith, and to institute any and all necessary proceedings or actions to recover the same, either at law or in equity.

"And it is further ordered, that the president and secretary of said Chicago Life Insurance Company do, on request, without delay, execute and deliver to said receiver all necessary deeds, conveyances and assurances of title proper and requisite to carry out the foregoing order, and to vest in said receiver full title to all and singular the properties, assets and choses in action of said defendant, and that said receiver do have and exercise all and singular the rights and powers conferred upon such receiver by the statutes of this State in that behalf.

"And it is further ordered, that said receiver give bond in the sum of $200,000, with good and sufficient sureties to be approved by the court, conditioned for the faithful performance of his duties as such receiver, and that on the approval of such bond he be forthwith empowered with all the rights and powers of such receiver as aforesaid, and with the usual powers of a receiver in equity, with liberty to apply to the court from time to time for such further directions and orders as may be necessary to the discharge of his trust.

"It is further ordered, that said defendant, the Chicago Life Insurance Company, its officers, agents, attorneys and servants, be and they are hereby enjoined and restrained, until the further order of the court, from further proceeding

with their said business, and from making any transfer or disposition of their property other than to said receiver as aforesaid, and from receiving or paying out any moneys, and that neither said receiver nor said defendant, its officers, agents, servants or attorneys, shall exact or take from its policyholders any sum or sums of money to accrue from premiums on policies beyond what may be justly due or payable on or as of the 7th day of July, A. D. 1877."

Subsequently, on the 2d of July, 1881, the following decree was entered:

"And now, on this 2d day of July, 1881, being one of the days of the June term of the said court, this cause came on to be heard upon the motion of the solicitor of said Auditor for a perpetual injunction against the said defendant; and the court, having considered the petition of the said Auditor, and the exhibits therewith filed and made a part thereof, and the answer of the said defendant thereto, all of which were filed on the 7th day of July, 1877, the order entered thereupon restraining the said defendant from the further prosecution of its business until the further order of the court, and appointing George M. Bogue receiver of the said company, which was entered on the said 7th day of July, 1881; and having considered the evidence introduced in behalf of the said complainant, and also on behalf of the said defendant; and having heard argument of counsel for the respective parties, and after a full hearing of the parties interested,—that is to say, the said Auditor, the complainant, and the said Chicago Life Insurance Company, the defendant,—and having considered the motion of the said defendant for a decree in its favor, filed in said cause at the conclusion of the said hearing, wherein the said defendant specified the grounds upon which its said motion was based; and being fully advised in the premises, the court doth overrule and deny the said motion of said defendant for a decree in its favor, and doth find that the only question now before the

court upon this hearing is, whether the said defendant shall be perpetually enjoined from the further prosecution of its business. And the court doth further order, adjudge and decree, that the said defendant be and hereby is perpetually enjoined, restrained and prohibited from the further prosecution of its business. And the court doth further order and adjudge, that the costs of this proceeding be paid by the defendant out of any property of the defendant available for that purpose.

"And now, the said defendant having been perpetually enjoined from the further prosecution of its business, it is, thereupon, on motion of the solicitor of the said Auditor, now made in open court, further ordered, adjudged and decreed, that the order of the court heretofore made in the said cause, appointing the said George M. Bogue receiver of the said defendant, be and the same is hereby ratified and confirmed."

To reverse this decree the defendant company sued out this writ of error. And now the Auditor enters his motion to dismiss the writ of error, upon the ground that the decree sought to be brought in review is not a final decree.

Mr. E. B. SHERMAN, for the motion, contended that the proceedings thus far were purely interlocutory, and not final, in their character; that there was to be a further hearing upon the pleadings and proofs, and that upon such further hearing the circuit court had an entire discretion, not restricted by what has already been done, to modify its prior decrees, and to enter such orders as the exigencies of the case may require. Counsel contended there had been no final hearing and no final decree.

Messrs. C. C. & C. L. BONNEY, *contra:*

The claim that there is a final hearing yet to take place in this cause upon the pleadings will not bear examination. If the insurance company has not forfeited its franchises and

its right to transact the business for which it was incorpo-
rated, then the decree in question should be reversed; and
if it has incurred such forfeiture, then when the distribution
of the corporate assets shall be completed, the dissolution of
the body corporate, whether by *scire facias* at law, or in
equity, upon the supposition that the dissolution act author-
izes such a course, would be a mere matter of course, to
which the corporation could not interpose any valid objec-
tion.    A perpetual injunction against the transaction of
business by a corporation is, for all practical purposes, the
putting of the corporation to death.    The Chicago Life Insur-
ance Company prosecutes this writ of error as its sole means
of averting the impending extinction of its corporate life.
The pretence, therefore, that there yet remains any further
substantial question to be tried, in which the corporation
would have a vital interest, is without foundation.

DICKEY, J.:   This was a bill filed by the Auditor to wind
up a corporation, and to put it in liquidation.    A decree was
entered in the case, after examining the proofs, on hearing, in
substance that the corporation was liable, and had subjected
itself to that proceeding under the statute, and a preliminary
injunction was declared to be perpetual, the previous appoint-
ment of a receiver was affirmed, and then orders were made
directing steps to be taken to wind up the corporation, and
adjust its affairs.    To reverse that decree the insurance com-
pany has sued out this writ of error.    The motion is now made
to dismiss the writ of error, because, as it is said, the decree is
not the final decree.    The nature and character of the decree,
as we conceive and the majority of the court think, settles
the ultimate rights of the parties.    It determines that the
corporation is in such condition as to be liable to that pro-
ceeding.    The remaining proceedings to be had, if this decree
stands, will simply be in enforcement of this decree.

The motion will therefore be overruled.

*Motion to dismiss denied.*