William B. Walrath, Individually and as Trustee, v. Michael C. Pyplatz et al. Petition of Albert J. Terwell, Appellant, v. William B. Walrath et al., Appellees.

## Gen. No. 19,442.

1. APPEALS AND ERRORS—*when appointment of receiver cannot be questioned on appeal from interlocutory order.* An appeal from an order in foreclosure proceedings allowing the receiver to make certain expenditures in maintaining the premises does not call for a review of the whole record but only the order appealed from, so that the appointment of the receiver cannot be questioned.

2. APPEALS AND ERRORS—*appeals from interlocutory orders.* The statute on appeals from interlocutory orders only allows such appeals from orders as to receivers where the order is one "appoint-

ing a receiver or giving other or further powers to a receiver already appointed."

3. APPEALS AND ERRORS—*when order as to receiver not appealable.* An order authorizing a receiver in a foreclosure proceeding to make certain expenditures in maintaining the premises is an administrative order not giving the receiver other or further powers than he had under the order appointing him, and is not appealable.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1913. Dismissed. Opinion filed April 7, 1913.

JOHN R. O'CONNOR, for appellant Albert J. Terwell.

STEWART JOHNSON, for appellee.

PER CURIAM. In a proceeding to foreclose a trust deed in the nature of a mortgage, a receiver was appointed September 21, 1911, to take possession and charge of the mortgaged premises, collect the income therefrom, and giving "all such powers as are usual to receiverships in like cases." There was a decree of foreclosure and sale and the sale was confirmed by an order entered September 16, 1912, which provided that the receiver theretofore appointed, "be continued in office as such receiver with the usual powers of receivers in chancery until the further order of the court." The mortgagor conveyed his equity of redemption to appellant Terwell October 23, 1912, and he moved to vacate the order appointing a receiver. His motion was denied December 30, 1912. January 28, 1913, an order was entered allowing the receiver certain items of expense incurred by him as receiver amounting to $141.44, and authorizing him "to expend monthly for and on account of the repairing and maintenance of said premises, reasonable sums for and on account of coal, plumbing, boiler and steam fittings, insect exterminating, janitor services, hardware, fixtures and supplies, and water, ash removal, gas, without further order of this court." From this order ap-

pellant took an appeal by filing his bond with the clerk February 3 and filing a transcript of the record in this court March 27, and appellee has moved to dismiss his appeal. Appellant cannot on this appeal question the appointment of the receiver. The appeal does not bring before us for review the whole record, but only the order appealed from, the order of January 28, 1913. The statute relating to appeals from Interlocutory Orders only allows such appeals from orders as to receivers where the order is one "appointing a receiver or giving other or further powers to a receiver already appointed."

The order appealed from is but an administrative order and does not give to the receiver other or further powers than he had under the order appointing him.

The motion to dismiss the appeal must be allowed.

*Appeal dismissed.*