The People of the State of Illinois ex rel. Leo H. Lowe, Appellee, v. Old Colony Life Insurance Company, Defendant, v. Theresa Stengel, Appellant.

Gen. No. 36,477.

Opinion filed April 13, 1933.

George D. Kimball, for appellant.

Otto Kerner, Attorney General, and William C. Clausen, Assistant Attorney General, for appellee; Schuyler, Weinfeld & Hennessey and Barrett, Barrett, Costello & Barrett, for receivers; William C. Clausen, Edward J. Hennessey and Burrell J. Cramer, of counsel.

Mr. Justice Hebel delivered the opinion of the court.

This is an interlocutory appeal from an order entered on November 10, 1932, directing the receivers to accept the written proposal of the Life and Casualty Company of Chicago for the reinsurance of the life insurance written by the Old Colony Life Insurance Company, a corporation organized under the laws of the State of Illinois.

Theresa Stengel, the appellant, a policyholder in the Old Colony Life Insurance Company, filed a bill in the superior court of Cook county on August 3, 1932, and made application for the appointment of a receiver. This insurance company and Leo H. Lowe, director of trade and commerce, were made parties to the bill, which was amended by leave of court on August 18, 1932. Leo H. Lowe filed an answer to the amended bill on October 6, 1932, admitting among other things that claims in excess of $62,000 were filed against the company, and that there were not sufficient cash reserves with which to pay the claims.

Under date of September 19, 1932, The People of the State of Illinois, ex rel., Leo H. Lowe, as director of trade and commerce, and as provided for by Cahill's St. ch. 73, ¶ 105 (2) (par. 496, sec. 2 *et seq.* ch. 73, Smith-Hurd Statutes of the State of Illinois), filed a bill of complaint in the circuit court of Cook county for the liquidation and dissolution of the Old Colony Life Insurance Company, and prayed for an order on the said company to show cause why a receiver should not be appointed to liquidate the business and affairs of the company. Notice of application for a receiver was filed on September 20, 1932, and the answer of the defendant, Old Colony Life Insurance Company, was filed on September 20, 1932, admitting that an examination of the books had been made by the department of trade and commerce on August 26, 1932, and consenting to an immediate hearing on the issue as to whether a receiver be appointed.

An order was entered on the 20th day of September, 1932, by the court that a receiver be appointed, and that when appointed the receiver enter into bond for $15,000 to be approved by the court, and take possession of the books, records, property and assets of the company, and proceed to liquidate. The order also

enjoined the company officials from transacting business, disposing of property and from interfering with the possession of the receiver.

On September 20, 1932, Alvin S. Keys, was designated and appointed as receiver of the company by the director of trade and commerce. Keys filed a bond in the sum of $15,000, and the appointment of Keys was confirmed by the court and his bond approved.

On October 5, 1932, an order was entered that J. A. O. Preus, having been designated and appointed by the director of trade and commerce as co-receiver with Alvin S. Keys, such appointment be ratified and confirmed, and that the bond of $15,000 filed by such co-receiver be approved. The order also directed the receivers to operate the property of the defendant and make reports from time to time as to the financial condition of this company.

On October 18, 1932, an order was entered directing the receivers to solicit written proposals for the reinsurance of the company, and that public notice be given soliciting such written proposals.

Thereafter the receivers filed a report on November 7, 1932, that publication was had for the filing of bids for the reinsurance of the company; that several companies filed bids, and that in addition to the written proposals filed prior to November 4, 1932, revised and amended proposals were filed by the Illinois Bankers Life Assurance Company of Monmouth, Illinois, Life and Casualty Company of Chicago, and State Life of Chicago; that the receivers recommended the proposal of the Life and Casualty Company as being in their judgment the most acceptable of the several proposals received by them. The court on November 10, 1932, entered an order finding that it was to the best interests of the policyholders, and all persons concerned that the proposal of the Life and Casualty Company of Chicago be accepted, and that the same be approved

and the receivers ordered and directed to accept said proposal and to execute such instruments necessary to make effective the reinsurance of the policies of the Old Colony Life Insurance Company in accordance with and pursuant to said proposal. The court further directed the receivers to collect the proceeds of the check for $5,000, as a partial payment on the $35,000 cash required to be paid by said company.

On November 10, 1932, there was filed in the circuit court by the complainant Theresa Stengel the transferred case of *Theresa Stengel v. Old Colony Life Insurance Company* under the new case number B–253179. This transfer was made in accordance with an order entered on October 22, 1932, in the superior court of Cook county, transferring the case of that title numbered 562624 to the circuit court of Cook county, and an order was entered in the circuit court consolidating the above case with the case filed in the circuit court of Cook county.

The appellant contends that the order of November 10, 1932, authorizing the acceptance of the bid of the Life and Casualty Company of Chicago for the reinsurance of the policies in the case, is an order which gives other and further powers to the appointed receivers.

Theresa Stengel, complainant below and appellant here, charges in her amended bill of complaint filed in the superior court of Cook county that the officials of the defendant insurance company, unmindful of their duties to the policyholders and others, failed in not reinsuring the outstanding policies in other life insurance companies qualified to do business in Illinois, on terms such as would insure the policyholders of defendant company certainty of the payments provided for in their several policies; and the complainant further charges that sound life insurance com-

panies were ready and willing to reinsure the policies of the holders of the defendant company without profit, provided the assets of the Old Colony Life Insurance Company were assigned to the companies, and that they would, upon conditions to be performed, pay the claims of the defendant company and distribute any surplus funds among its stockholders.

The prayer for relief is for an accounting and for the appointment of a receiver, and that an injunction issue against the defendant and its officers, restraining them from interfering with the receiver or disposing of the assets of the defendant company, for the dissolution of the defendant company and distribution of its assets.

As to the reinsurance, the receivers were directed by the court to solicit written proposals for this purpose, and upon proper publication, bids were received and reported to the court with the recommendation by the receivers that the bid of the Life and Casualty Company of Chicago be accepted. Upon consideration of the recommendation of the receivers the court, on November 10, 1932, directed them to accept the proposal upon the conditions set forth in their petition.

The court in passing upon the question of liquidation of the defendant company, entered a decree on November 7, 1932, upon notice to all parties in interest and after an examination of the report of the receivers upon the condition of the defendant and for instruction as to the further administration and consideration of the evidence presented, approved the receivers' report, and the court in its finding found that the condition of the business and affairs of the Old Colony Life Insurance Company was such that in the interests of its policyholders, creditors, stockholders and the public, the business and affairs of said company should be liquidated by the receivers, and decreed that

the property and assets of the Old Colony Life Insurance Company be liquidated, and that the receivers proceed to liquidate the same under orders to be entered by the court from time to time, and that the orders and decrees heretofore entered be and the same are modified accordingly. The court further decreed that the receivers may at any time apply for orders to sell or dispose of the assets of the company. Therefore we must necessarily conclude that the only question remaining is that of the accounting between the parties. The essential and primary object of this proceeding is the liquidation of the assets of the defendant, and the decree is final upon that question. *Chicago Life Ins. Co. v. Auditor of Public Accounts,* 100 Ill. 478. Any subsequent proceedings in the disposition of this litigation will simply be to adjust the rights of the parties in and to the assets of the company, and to settle the liquidation of the company's business.

When the appellant's case, upon her motion, was consolidated with the case filed by the director of trade and commerce in the circuit court of Cook county she joined in the request for the appointment of a receiver and an injunction against the defendants from disposing of the property, and that the defendant company be liquidated and the proceeds resulting therefrom distributed among the persons interested. By that act she is not in a very good position to object to the entry by the court of the several orders herein mentioned. The only real objection by the appellant is that the court in accepting the recommendation of the receivers that the proposal of the Life and Casualty Company of Chicago for reinsurance be accepted, erred in not accepting a bid satisfactory to the appellant. The court exercised its discretion in adopting the recommendation of the officers of its

court, and if appellant is not satisfied she is not obliged to accept as a policyholder the reinsurance offered, but still may assert her right as a policyholder in and to the assets of the company.

The decree providing that the property and assets of the defendant company be liquidated by the receivers, and further that the receivers may apply for orders to sell and dispose of the assets, the receivers had authority to carry out the order of November 10. This order, an administrative one, does not grant other or further relief to the receivers already appointed. The sole purpose of the order was to carry out the liquidation of the defendant insurance company. *Walrath v. Pyplatz,* 178 Ill. App. 581. The reinsurance of the policies was for the benefit of the holders and a step to protect the policyholders in the liquidation of the company.

Other questions were raised in this proceeding, but in view of the conclusion of the court that the order was properly entered, it will not be necessary to consider them at this time. The order appealed from is therefore affirmed.

*Affirmed.*

WILSON, P. J., and HALL, J., concur.