The People of the State of Illinois ex rel. Ernest Palmer, Appellant, v. Acme Plate Glass Mutual Insurance Company, Appellee.

Gen. No. 39,338.

Opinion filed November 10, 1937.

OTTO KERNER, Attorney General, for appellants; WM. C. CLAUSEN and JOHN B. HARRIS, Assistants Attorney General, of counsel.

BELL, BOYD & MARSHALL and CROWE, GORMAN, SHERIDAN, MULDER & WESSELINK, both of Chicago, for appellee; DAVID A. WATTS and LOUIS H. GEIMAN, both of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from an order entered in the circuit court of Cook county on November 4, 1936, which the plaintiff contends the court was without jurisdiction to enter, and which, in effect, vacates and sets aside a final decree entered December 3, 1934, directing the liquidation of the defendant insurance company.

---

* See Callaghan's Illinois Digest, same topic and section number.

From the facts as they appear in the briefs, it appears that on November 20, 1934, the plaintiff filed a petition for liquidation and dissolution of the defendant company. An order was issued by the court against the Acme Plate Glass Mutual Insurance Company to show cause why the court should not find the existence of sufficient cause for the appointment of a receiver to liquidate the affairs of this corporation. The company filed an answer and the matter came on for a hearing, and on December 3, 1934, a decree was entered by the court in which various findings of fact appear with respect to the manner in which the affairs of the company had been operated, including findings of mismanagement, misrepresentation, fraud, etc., together with its insolvency, and the court further found that sufficient cause existed for the appointment of a receiver to liquidate its affairs.

On December 4, 1934, Ernest Palmer, director of insurance, designated and appointed one H. B. Hershey as receiver, who duly qualified by giving his bond, with surety thereon, which was duly approved by the circuit court on December 5, 1934. Subsequently, the receiver proceeded with the liquidation of the affairs of the company. On December 21, 1934, an order was entered fixing the time and procedure for filing claims. On this date a further order was entered for leave to sell furniture and fixtures, also an order granting the receiver leave to file an inventory of the assets of this defendant corporation. Subsequent to the entry of these orders a further order was entered on May 23, 1935, granting the receiver leave to foreclose a certain real estate mortgage held by this corporation, and on the same date a further order was entered granting the receiver leave to foreclose another mortgage securing notes held by the defendant corporation.

The first current report and account of the receiver was filed on July 20, 1935, and approved by the court,

and on March 5, 1936, the receiver's second report and account was approved. On April 24, 1936, an order was entered authorizing the receiver to sell a certain mortgage securing notes that were held by the defendant company. An order was entered on June 24, 1936, granting the receiver leave to accept a refunding bond and execute refunding agreements.

On the 13th day of May, 1936, a petition was filed by the defendant company for an order vacating the decree of liquidation entered by the court on December 3, 1934, on the ground that the company was now solvent and there was no further cause to liquidate the business of the company. Answers were filed to this petition by the receiver as well as by the plaintiff, and a reference was made to a master in chancery, who filed his report to the effect that the company had now obtained sufficient releases of claims to make the company solvent and recommending that an order be entered dismissing the receiver and reinstating the company.

Objections were filed to the master's report and overruled and an order entered by the court allowing the objections to stand as exceptions. A hearing was had before the court, and upon consideration of the questions, the court regarded the releases of claims insufficient and re-referred the matter to a master to consider the obtaining of new releases and certain cash to be turned over to the company to make it solvent.

The master upon filing his report on this re-reference found that by reason of the new releases of claims obtained and the new cash to be turned over to the company it was solvent and that the receiver should be dismissed and the company reinstated and relicensed to do an insurance business in the State of Illinois. Objections filed to the report and overruled by the master were, by order of court, allowed to stand as exceptions. The court on a hearing of these exceptions and the supplemental report of the master, entered an

order finding it had jurisdiction to vacate or modify the decree of December 3, 1934, and that the defendant company was solvent, and ordered that the receiver be dismissed and that he file a final report and account and turn over and deliver all records and assets to the treasurer of the company; that the liquidation proceedings be terminated and that the company be authorized to re-engage in business, and directed that the director of insurance of the State of Illinois issue a license to the defendant company to resume business within the power granted to this company.

The question presented to this court is whether the decree entered on December 3, 1934, was a final decree, directing the liquidation of the company, and being final the court was without jurisdiction to entertain the petition of May 13, 1936, and to enter the order of November 4, 1936, in effect vacating and setting aside the decree of December 3, 1934.

The complaint in this case was filed pursuant to the provisions of ''An Act in relation to delinquent insurance companies, associations and societies,'' Ill. State Bar Stats. 1935, ch. 73, ¶ 105 (1) ; Jones Ill. Stats. Ann. 66.067, and is based on sec. 2 of the above act, which provides that whenever certain conditions set forth therein exist, the director of insurance shall report the same to the attorney general, whose duty it shall be to apply, upon relation of the director of insurance, in the name of the people, to the circuit court of the county in which the principal place of business of such company in this State is located, for an order directing such company, upon such notice as the circuit court may prescribe, to show cause why a receiver should not be appointed to take possession of the property of the company and conduct its business, and for such other relief as the nature of the case and the interests of the creditors, stockholders and public may require, and

such procedure having been followed, the decree of December 3, 1934, was entered.

This decree finds that during the month of September, 1933, the director of insurance caused an examination to be made of the affairs of the Acme Plate Glass Mutual Insurance Company and the examination disclosed that the liabilities exceed the assets by $2,342.26. A subsequent examination was made by the department of insurance as of December 31, 1933, which disclosed that a deficiency still existed. The decree also finds that on or about May 15, 1934, interests in control of the Acme Plate Glass Mutual Insurance Company transferred control to interests associated with the Preferred Investments, Inc., and it was represented that the Acme Plate Glass Mutual Insurance Company would be rehabilitated by surplus contributions and by reinsuring the company's April, 1934, business in force.

The decree in words provides: "It was thereafter represented by the officers of the company that a reinsurance had been effected with the Sun Indemnity and the Union Insurance Company so as to make good the impairment. The officers of the company not only prepared the bordereau of the reinsurance of the Acme Plate Glass Mutual Insurance Company, but recorded transactions of reinsurance on the books of the Acme Plate Glass Mutual Insurance Company, although there had been no reinsurance effected and the general agent for the reinsuring companies who, with the Secretary of the Acme Plate Glass Mutual Insurance Company, presented the plan for such reinsurance to representatives of the Department of Insurance for their approval, well knew that neither the Sun Indemnity nor the Union Insurance Company would reinsure the business, but it was so misrepresented for the purpose of misleading the Department of Insurance so the Acme Plate Glass Mutual Insurance Company could still continue in business, although its liabilities still exceeded its assets."

The court further found in its decree that after an examination made on behalf of the Acme Plate Glass Mutual Insurance Company of its affairs and an examination by the director of insurance such examinations indicated a deficit and default, so that its liabilities exceeded its assets, and the court entered the order that a receiver be appointed with bond as therein provided, with power to act until the final liquidation and a report of this corporation be had and submitted to the court for approval. The decree finds that it was necessary to liquidate the affairs of the company to satisfy the claims, which exceeded the assets of the company. This is clearly the purpose of the provisions of the Insurance Act. Section 4 of the act, Ill. State Bar Stats. 1935, ch. 73, ¶ 105(4) ; Jones Ill. Stats. Ann. 66.070, provides that upon a hearing the court shall order liquidation of the business of the company which shall be under the direction of the receiver, and the receiver is vested by operation of law with title to all of the property of the company as of the date of the order directing liquidation, and the filing for record of such order in the office of the recorder of deeds in any county of this State shall impart the same notice that a deed, bill of sale or other evidence of title duly filed for record by such company would have imparted.

In this case the court found sufficient facts in its decree, and apparently there was no objection to it by the defendant company, for it made no move for the purpose of calling to the attention of the court that it was in a solvent condition and clearly able to meet its liabilities, and not until November 4, 1936, about a year and a half after the filing of the decree of December 3, 1934, did the court enter an order upon the petition to vacate filed by the defendant company approving the master's report filed in the cause and make this further finding: ". . . that in this proceeding by virtue of the Statute of the State of Illinois, it has jurisdiction of determining, during the pendency of this liqui-

dation proceeding, the question of the solvency or insolvency of the Acme Plate Glass Mutual Insurance Company, a corporation, and upon such determination to vacate or modify any previous order of this Court.

"And the Court finds that the Acme Plate Glass Mutual Insurance Company, a corporation, is now solvent." And then the court by its order dismissed the receiver theretofore appointed and directed that he file a final report and account within 15 days, and by this order we find that the cause was terminated and the receiver was to turn over the property to the company, which was directed to engage in the "performance of the purposes provided for in its charter; and that it pay to the State of Illinois, as provided by statute, the statutory license fee and corporation fees for the years 1935 and 1936, and that upon said payment a license issue to the said Acme Plate Glass Mutual Insurance Company, a corporation, to engage in the insurance business as provided for in its charter."

The question to be determined is whether the decree of December 3, 1934, is a final one. The purpose of the statute in proceedings of this kind is, by its provisions, to place in the hands of the director of insurance of the State of Illinois, when he finds that an insurance company is not complying with the provisions of the statute, the power of calling such violation to the attention of the court, and if violations have taken place, the court will enter a decree of liquidation and will approve the bond of the receiver who has been designated and approved at the suggestion of the representative of the State, who is to liquidate the assets of the company for the purpose of satisfying claims. By liquidation is meant that the receiver is to settle accounts and distribute the assets of the company for the purpose of winding up its affairs as a business institution. Upon this ground, the decree of the court is final. The adjustment of accounts, disposition of

assets and the winding up of the business of this corporation is final in its nature, and of course the court would be without jurisdiction, after a period of 30 days had elapsed between the time the director of insurance of the State of Illinois had acted and the receiver was appointed, to liquidate the affairs of the company.

In the case of *Chicago Life Ins. Co. v. Auditor of Public Accounts,* 100 Ill. 478, which was a proceeding to wind up the affairs of the defendant company and to put it in liquidation, as is the purpose of this proceeding, the court entered a decree from which the insurance company by writ of error called upon the Supreme Court to consider. It is apparent from a reading of the opinion, which is very short, that there was a preliminary injunction, which was made a perpetual one, the appointment of a receiver, and orders entered directing that steps be taken to wind up the corporation, and adjust its affairs. A motion was made in the Supreme Court to dismiss the writ of error as it was not proper for the court to consider it because the decree was not the final decree. The court said in passing upon this motion: ''The nature and character of the decree, as we conceive and the majority of the court think, settles the ultimate rights of the parties. It determines that the corporation is in such condition as to be liable to that proceeding. The remaining proceedings to be had, if this decree stands, will simply be in enforcement of this decree.'' This expression is an apt one and applies to the decree entered here. As we have stated before, the purpose of the decree is to wind up the affairs of the company, in other words, to liquidate, which, as herein indicated, is to wind up the affairs and adjust the accounts of the company, so that whatever is done after the final decree, will ''simply be in enforcement of this decree.''

In the case of *People ex rel. Lowe v. Old Colony Life Ins. Co.,* 270 Ill. App. 403, the court used this language:

"The court in passing upon the question of liquidation of the defendant company, entered a decree on November 7, 1932, upon notice to all parties in interest and after an examination of the report of the receivers upon the condition of the defendant and for instruction as to the further administration and consideration of the evidence presented, approved the receivers' report, and the court in its finding found that the condition of the business and affairs of the Old Colony Life Insurance Company was such that in the interests of its policyholders, creditors, stockholders and the public, the business and affairs of said company should be liquidated by the receivers, and decreed that the property and assets of the Old Colony Life Insurance Company be liquidated, and that the receivers proceed to liquidate the same under orders to be entered by the court from time to time, and that the orders and decrees heretofore entered be and the same are modified accordingly. The court further decreed that the receivers may at any time apply for orders to sell or dispose of the assets of the company. Therefore we must necessarily conclude that the only question remaining is that of the accounting between the parties. The essential and primary object of this proceeding is the liquidation of the assets of the defendant, and the decree is final upon that question. *Chicago Life Ins. Co. v. Auditor of Public Accounts,* 100 Ill. 478. Any subsequent proceedings in the disposition of this litigation will simply be to adjust the rights of the parties in and to the assets of the company, and to settle the liquidation of the company's business.'' According to these authorities it would seem that the order of liquidation is final.

But one question remains, and that is whether the court is empowered by any of the provisions of the act above cited to consider the question of reorganization

of the company based upon the order that there is sufficient in the petition to justify the order of the court.

Having reached the conclusion that the decree entered on December 3, 1934, was a final one, we will now consider whether under the provisions of the statute in question the court had jurisdiction to enter the order appealed from.

The only section which provides for the removal of a receiver and for the granting to the company the right to resume possession of its property and the conduct of its insurance business appears in sec. 3, ch. 73, Ill. State Bar Stats. 1935, ¶ 105(3); Jones Ill. Stats. Ann. 66.069. This section provides the court may find that sufficient cause exists for the appointment of a receiver to conduct the business of the company, and, where the court has appointed a receiver for that purpose, the same section further provides that application thereafter may be made to the court either by the director of insurance or the company to find that the cause for such order for the appointment of a receiver has been removed and that the company can properly resume possession of its property and the conduct of its business. This is the only provision bearing upon the question in the several sections of the act. In sec. 4 there is no such provision. Sec. 4 provides that ''after a full hearing, the court shall order the liquidation of the business of such company, such liquidation shall be made by and under the direction of such receiver,'' and it is further provided in this section that ''The rights and liabilities of any such company, and of its creditors, policyholders, stockholders and members, and of all other persons interested in its assets, shall, unless otherwise directed by the court, be fixed as of the date of the entry of the order directing the liquidation of such company.''

The action provided for is controlled by the sections of this act, and unless there is a provision providing

for the procedure followed, the court is without jurisdiction to entertain or enter an order such as was entered in this case. The purpose of this act is for the benefit and protection of the public against a willful default or misconduct of the company, and what was said by the Supreme Court in the case of *Chicago Life Ins. Co. v. Auditor of Public Accounts,* 101 Ill. 82, is pertinent upon the questions in the case before us, that is: ''The point finally made is, that all there was of wrong in the management and condition of the company is to be laid to the charge of the secretary of the company alone,—that all the other officers and agents of the company had acted in good faith, and were guiltless of any wrongdoing, and hence it should be taken that there was no willful default on the part of the company, and it should not be subjected to this proceeding. The company could act only through its officers and agents, and should be held responsible for the acts of, and mode of management by, its secretary, and the result therefrom. It is the management and condition of the company, rendering its continuance in business hazardous to the public, which entitles to this proceeding, without regard to what one or how many of the company's officers participated in the mismanagement or the bringing about of such condition. The public should have the protection which the law has provided against the unsafe doing of business by insurance companies. The hazard to the public is the same whether one or more of the company's officers were concerned in producing it, and whether or not it resulted from the willful default or misconduct of the company.''

We are unable to concur in the views of the court expressed in its order that the company is now solvent, and that by reason of the waiver of many of the creditors of the company and the additional cash provided, the company becomes solvent.

The fact is that the company failed to comply with the provisions of the Insurance Act, and not alone was it insolvent at the time the receiver was appointed, but there was gross misrepresentation of fact which fully justified the court in acting as it did in entering the decree of December 3, 1934, and, from the facts in the record, we are unable to concur in the order entered by the court permitting resumption of the insurance business by the defendant company.

There is another question which might be considered, and that is as to the order which directs that the director of insurance issue a license to this company to do an insurance business. The issuance of a license to do business is vested in the director of insurance and it is for him to exercise a discretion as to whether this insurance company is to resume the business in which it was engaged at the time the receiver was appointed and depends upon whether in applying for such license the company has complied with the law, and unless this is so, it would be proper for the director of insurance to refuse the license, and the order directing the insurance director to issue such license without considering whether it comes within the terms provided by law is erroneous and should not have been entered.

The decree of November 4, 1936, is reveresd.

*Reversed.*

Denis E. Sullivan and Hall, JJ., concur.