(No. 22760.

B. W. LEONARD, Appellant, *vs.* HERBERT W. BYE, Appellee.

*Opinion filed June 14, 1935—Rehearing denied October 2, 1935.*

THOMAS G. DEERING, for appellant.

HERBERT W. BYE, *pro se,* appellee.

SCOTT, MACLEISH & FALK, ISAAC S. ROTHSCHILD, LEV-INSON, BECKER, PEEBLES & SWIREN, and SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, as *amici curiæ* supporting contentions of appellant.

CHARLES F. MCELROY, GEORGE A. CURRAN, SIDNEY W. MANDEL, CHARLES LEROY BROWN, LIONEL A. MINCER, JOHN C. DEWOLFE, JOHN J. SHARON, DAVID SILBERT, KARL EDWIN SEYFARTH, and GEORGE EDWARD LEONARD, as *amici curiæ* supporting contentions of appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Appellant, B. W. Leonard, brought an action at law in the superior court of Cook county against appellee, Herbert W. Bye, to recover from him the superadded stockholder's liability imposed by section 6 of article 11 of the constitution. The complaint alleged appellant is a creditor of the Depositors State Bank, an Illinois corporation, and Bye was the holder of two shares of its stock, of the par

value of $100 each, from February 23, 1921, to June 20, 1924; that while the two shares were so held appellant deposited $553.54 in a savings account, and this amount had not been withdrawn at the time the bank was closed. Bye moved to dismiss, for the reason that there was another suit pending in the circuit court of Cook county between the same parties for the same cause of action. In support of the motion to dismiss, appellee filed his affidavit, setting forth that on January 18, 1932, before the present suit was commenced, Martin Wright and Anna Lanser filed a suit in chancery against appellee and other persons who were alleged to be stockholders of Depositors State Bank, upon the same promises and undertaking and to collect the same liability upon which appellant seeks to recover from appellee in this suit, and that the chancery suit was pending in the circuit court of Cook county as general number B-244811. He stated that the complainants in the chancery suit claimed that they were creditors of the Depositors State Bank at the time of filing their bill of complaint, and that they were seeking to maintain the equity suit against the appellee and all other persons alleged in the bill to have been stockholders at the closing of the bank or at any time prior thereto, and that the chancery suit was a representative suit on behalf of the complainants and all other creditors of the Depositors State Bank. The motion to dismiss was allowed.

Appellant has perfected an appeal direct to this court. He contends that the suit pleaded in abatement of the present action will not lie under general equity jurisdiction or under the 1929 amendment to section 11 of the Banking act, which purports to authorize such a proceeding. He says that amendment is unconstitutional, in that it violates the rights of creditors under both the contract clause and the due process of law clause of the Federal constitution. In answer to this it is contended that the questions of law urged by appellant are not presented by this record. The

primary question is whether the superior court erred in dismissing appellant's action on the ground that a prior suit was pending between the parties based on the same cause of action. To determine the propriety of the trial court's ruling it is necessary to ascertain what scope of inquiry is permitted when the defense of another suit pending is made.

*Foster* v. *Napier,* 73 Ala. 595, was an action for malicious prosecution. The defendant pleaded in abatement the pendency of another suit. Plaintiff demurred to the plea, and his demurrer was overruled except as to the first count of the declaration. Plaintiff then filed a replication of *nul tiel record,* which was overruled except as to the first count. On appeal it was held that the plea went to the whole complaint and not to any count thereof, and so the demurrer should have been overruled as to all counts of the declaration. The court said: "The principle is well settled that the pendency of a prior suit for the same thing, or, as is generally said, for the same cause of action, in a court of competent jurisdiction, between the same parties, will abate a later suit; because the latter is deemed unnecessary and vexatious." (Citing cases.) In that case it was contended that an inspection and comparison of the records would show that the averment of the termination of the prosecution made in the first action is untrue in point of fact; that the prosecution was not ended; that the cause of action had not accrued, and therefore the first action was premature, would have proved ineffectual, and was not pleadable in abatement of the second suit. In answer to this the court said: "The falsity of the averment of the termination of the prosecution made in the first action could have been shown only by extrinsic evidence. It was a matter of defense. There was the necessity for defense unless the defendant was willing to submit to two judgments for the same wrong. The necessity was imposed by the act of the plaintiff; and the necessity is the oppression and vexation, against which the law intends to

guard and protect the defendant. If the fact be, that the first suit was prematurely commenced, that was a reason for its discontinuance or dismissal. It is not a reason for multiplying suits against the defendant for the same wrong. * * * There are authorities, to some of which we have been referred by counsel for the appellee, holding that a prior suit which cannot be made effective and available, is not pleadable in abatement of a second suit for the same cause. The doctrine is inconsistent with the English authorities, seems to have originated in the courts of Connecticut and has been adopted by the courts of several States. The authorities were thoroughly considered, and the question ably discussed by the Supreme Court of New Hampshire in *Gamsby* v. *Ray,* 52 N. H. 513, and the doctrine repudiated. If it be admitted, and it must be, that the principle is founded upon the policy of discouraging a multiplicity of suits—of protecting the defendant from oppression, from the grievance of double vexation for the same cause or thing, there can be no inquiry, whether the prior suit is capable of being prosecuted by the plaintiff to a successful issue, if it is resisted by the defendant. Unless the suit is commenced in a court without jurisdiction, or the process upon which the validity of the proceedings depends, is upon its face void, the defendant is compelled into double litigation, and into the peril of double judgment. * * * Whether the prior suit is capable of being made effectual, is, in the second suit, a collateral, incidental inquiry; however, it may be then decided, the defendant is not by its decision relieved of its burdens; there is a continuing necessity that he should remain before the court, prepared to make defense against it."

In *Wilson* v. *Atlanta, K. & N. Railway Co.* 115 Ga. 171, the rule is stated: "It seems to follow incontrovertibly from what has been said that the only reasonable rule is, that save when—because of void process; failure to comply with statutory conditions precedent to bringing suit;

instituting the action in a court having no jurisdiction of the subject matter thereof; failure to give the suit a standing in court, by omitting to perfect legal service; or because of other like reasons, which the defendant is bound to know render it unnecessary to appear and plead,—the first suit is a wholly abortive effort, which the defendant is not legally called upon to resist at all, and therefore is really for the first time impleaded by the filing of another action which does render imperative his making a defense, the plea in abatement should be sustained."

However, the appellant contends that the equity suit is an absolute nullity so far as he is concerned. He says that the circuit court has no jurisdiction over his person, and that he is not bound, "willy-nilly," by the gratuitous act of complainants, who say they represent him there. There can be no doubt that circuit courts have jurisdiction over representative suits. In such suits the remedy is furnished to a class of individuals who have common rights, who need protection, and in pursuit of that remedy individuals have the right to represent the class to which they belong. The complainants in the suit purported to represent the appellant, who would be bound by the results in the case until the decree rendered there is reversed on appeal. *Greenberg* v. *City of Chicago,* 256 Ill. 213; *Harmon* v. *Auditor of Public Accounts,* 123 id. 122, 130.

Appellant then insists that the superior court had the power to examine into the jurisdiction of the circuit court, and that such examination would have shown that the proceedings in the circuit court are a nullity so far as he is concerned. Without attempting to pass on the question as to whether the circuit court properly exercised equity jurisdiction in the case before it, those proceedings could not be treated as a nullity. They were not open to collateral attack in the superior court. What we said in *Miller* v. *Rowan,* 251 Ill. 344, 348, 349, is applicable here: "While jurisdiction, in its proper sense, means authority to hear

and decide a cause, it is common to speak of jurisdiction in equity or the jurisdiction of a court of equity as not relating to the power of the court to hear and determine a cause, but as to whether it ought to assume the jurisdiction and hear and decide the cause. In *Scott* v. *Whitlow*, 20 Ill. 310, it was said that although the decree of a court might not be void for want of jurisdiction and the court had power to make the decree it did, it was not a proper exercise of its chancery powers. And in *Curtiss* v. *Brown*, 29 Ill. 201, the court called attention to the confusion arising from the use of the word 'jurisdiction' as applied to courts of equity. The court said: 'We often find the jurisdiction denied where the power exists but ought not to be exercised, and in this sense is the word 'jurisdiction' usually used when applied to courts of chancery. Where there is want of power the decree is void collaterally, but where there is said to be a want of jurisdiction, merely, it is only meant that it would be erroneous to exercise the power and the decree would be reversed on appeal. It means a want of equity and not a want of power.' Mr. Pomeroy, in his work on Equity Jurisprudence, (vol. 1, sec. 129,) points out the fact that the term 'equity jurisdiction' is used in contradistinction to jurisdiction in general and to common law jurisdiction in particular; that the term 'jurisdiction' in the sense of power residing in the court, may be applied to courts of equity as well as to any other tribunals; that with this signification an equity court has no jurisdiction to try a criminal cause; that this strict meaning is not always given to the term 'equity jurisdiction' as it is ordinarily used, and that when ordinarily speaking of the equity jurisdiction we do not thereby refer to the general power inherent in a court to decide a controversy at all. * * * Mr. Justice Mulkey in *Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516, commenting on the statement in Story's work on Equity Pleading that a bill must state a case within the jurisdiction of a court of equity,

said that the author was doubtless speaking of jurisdiction in the strict sense in which it is understood in courts of law and as applicable to a certain class of cases in equity which under no circumstances are ever cognizable in a court of equity, such as would be a bill to recover damages for slander or for an assault and battery, which are wholly foreign to equity jurisdiction."

In an equity case the defendant must raise such jurisdictional questions as the existence of an adequate remedy at law at the commencement of the suit, and if such question is not raised in the proceeding the decree will not even be erroneous. *Miller* v. *Rowan,* 251 Ill. 344, 351; *Parsons* v. *Millar,* 189 id. 107.

The proceedings in the circuit court cannot be said to be null and void, for courts of equity have power to entertain representative suits. On appeal it might be successfully urged that the circuit court was proceeding erroneously in assuming equity jurisdiction and that its decree should be reversed. The superior court did not have before it any of the proceedings in the prior suit and which it had no power to review. It properly refused to go into the question of the circuit court's equity jurisdiction over the representative suit. The adoption of the rule contended for by appellant would be disruptive of the orderly process of our courts and fatal to the well known principle that there must be an end to litigation. We find that the questions argued by appellant cannot be reached and passed upon.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*