International Printing Pressmen and Assistants' Union of North America and Printing Specialties and Paper Products Union Number 415, Appellees, v. Walter A. Rebenson and William R. Kenny, Individually and as Representatives of Members of an Unincorporated Association also Known as Printing Specialties and Paper Products Union Number 415, Appellants.

Gen. No. 45,772.

Opinion filed April 29, 1953. Released for publication May 19, 1953.

RUSSELL PACKARD, of Chicago, for appellants; RICHARD A. GRIFFIN, of Chicago, of counsel.

MINTER, McLELLAN & TIPTON, of Kingsport, Tennessee, and JACOB N. GROSS, of Chicago, for appellees; JOHN S. McLELLAN, of Kingsport, Tennessee, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiffs filed this action in the circuit court of Cook county against the individual defendants and as representatives of the members of an unincorporated association known as Printing Specialties and Paper Products Union No. 415, for injunctive relief and a declaratory judgment.

Whether a prior pending action in the superior court involves substantially the same relief sought in the instant action and is substantially between the same parties is the controlling question presented upon this appeal, and requires an analysis of the pleadings in both actions.

The complaint alleged, *inter alia*, that plaintiff International is a labor union organized as an unincorporated association and affiliated with the American Federation of Labor; that it maintains its principal place of business in Hawkins county, Tennessee; that it has a membership approximately 96,000 in number, which membership is divided among approximately 600 local constituent units located in various cities throughout the United States and Canada; that plaintiff Printing Specialties and Paper Products Union No. 415 is a local constituent unit affiliated with and subordinate to the plaintiff International union; that plaintiff local maintains an office in Chicago, Illinois; that the members of the class of persons represented by the individual defendants number approximately 300 and are so numerous as to make it impractical to bring them all before the court, and that said individual defendants adequately represent all of the said members of the class; that plaintiff seeks common relief against all members of the class.

It is further alleged that on October 9, 1937, plaintiff International granted a charter to the plaintiff local No. 415, thereby constituting said local a constituent unit of the plaintiff International union; that said local was granted the use of the name "Chicago Paper and Box Workers Union No. 415" by the said International; that plaintiff International and plaintiff local No. 415 now act and since 1937 have acted as representatives to the members of said local; that from 1937, when local No. 415 received its charter from plaintiff International, to June 1949, plaintiff

carried on the activities of the local Chicago Paper and Box Workers Union No. 415, including the making of collective bargaining agreements with employers, under the foregoing name, in and around Chicago, and were carried on by plaintiff under said name; that on or about May 1, 1949, plaintiff International adopted and promulgated a uniform designation for its local constituent units composed of employees in the paper products and converting industries, such uniform designation being prefixed to the local union number issued and assigned by plaintiff International; that such uniform designation is "Printing Specialties and Paper Products Union"; that on or about June 15, 1949, Chicago Paper and Box Workers Union No. 415 adopted said uniform designation as promulgated by plaintiff International, and thereafter was and is known as Printing Specialties and Paper Products Union No. 415, said name having been issued to them by plaintiff International; that said Chicago local has since and does still carry on all of its activities under said name; that said designation has a well-fixed and definite meaning and identity in the minds of all members belonging to said local.

It is further alleged that on or about August 15, 1951, plaintiff International notified defendants Rebenson and Kenny, in their capacity as president and secretary-treasurer, respectively, of plaintiff local union No. 415, of the suspension of said local because of a strike called by said individual defendants against three Chicago employers in violation of the constitution and laws of the plaintiff International; that thereupon plaintiff, through its proper officers, and pursuant to the constitution and laws of said International, appointed a steward or trustee to take care of the property and affairs of local union No. 415 for and in behalf of the plaintiff and all of the members; that demand was made upon the individual defendants to turn over

159

said property and affairs of local No. 415, which defendants failed and refused to do, whereupon plaintiff International instituted a suit in the superior court of Cook county (No. 51 S 14078) seeking performance by the individual defendants of their duties and obligations under the laws of plaintiff International; and that said lawsuit has not been determined.

The complaint further alleges that on or about September 19, 1951, said individual defendants called an illegal meeting, attended allegedly by members of plaintiff local No. 415, at which time said defendants purported to disaffiliate the plaintiff local No. 415 from plaintiff International, and thereupon purportedly organized a self-designated independent union employing as a title for said independent union the designation "Printing Specialties and Paper Products Union No. 415," being the same designation under which plaintiff previously carried on the affairs and activities of said local; that pursuant to the lawful suspension of said local No. 415, all of its properties and assets passed in trust to the nominee of the president of the plaintiff International under the contract of affiliation of the plaintiff International and the plaintiff local No. 415, said contract being the constitution and laws of the plaintiff; that "among such property and assets was the name Printing Specialties and Paper Products Union No. 415 which name is a valuable property right and asset of plaintiffs"; that the use by said defendants of the name "Printing Specialties and Paper Products Union No. 415" for their independent local union has tended to mislead and to be confusing, and that members of the plaintiff's local are led to believe that the use of said name has been authorized by its officers, directors or members, which is not the fact; and that by the use of said name by the defendants, employers and the public are led to believe that the defendants' organization is really the plaintiff

160

local No. 415, the same as previously, which is not the fact.

The complaint prayed for a declaratory judgment that defendants have no right to the use of said designation for their independent union local; that the court issue a temporary injunction restraining defendants and the class of persons represented by them from using the said designation for their independent union local, and that upon a final hearing said injunction be made perpetual.

Defendants filed written objections to the issuance of a preliminary injunction, setting up, among other reasons, the pendency of the action in the superior court of Cook county, and that a comparison of the pleadings in said action with the present complaint discloses that the cause of action and the parties in both cases are substantially the same, and that substantially identical relief is prayed for in both, and that such injunctive relief was denied in the cause pending in the superior court. A copy of the complaint in the superior court and defendants' answer to said complaint and counterclaim are attached to said objections as exhibits. Defendants also, in opposition to the motion for temporary injunction, filed a certified copy of an order entered in the pending action in the superior court.

Upon notice and a hearing had, a temporary injunction was ordered, restraining defendants and their agents from using the name "Printing Specialties and Paper Products Union No. 415," substantially as prayed for in the complaint, from which order defendants prosecute this appeal.

The complaint in the superior court action discloses that the parties are substantially the same. The same facts alleged in the instant complaint are there also alleged, except that the instant complaint alleges an attempt on the part of the defendants to disaffiliate

from the International and the organization of an independent union local using the same name designation.

The relief prayed for in the superior court complaint was for an accounting and a decree adjudging and decreeing that plaintiffs are entitled to possession of all the property, effects, books, records, money on hand in the possession, custody or control of the individual defendants as officers of local No. 415, and to direct the individual defendants to deliver the same to Peter Perrigo on behalf of the International; and that an interlocutory or preliminary injunction be issued enjoining and restraining said defendant, pending the final determination of the case, from:

"(a) Removing from Cook County, Illinois, any of the property and effects, books, records, moneys on hand, moneys deposited in banks and securities, notes or bonds in the possession, custody or control of the individual defendants as officers of Local No. 415.

"(b) Destroying any books or records in the possession, custody or control of the individual defendants as officers of Local No. 415.

"(c) Converting or spending to their own use any moneys on hand in the possession, custody or control of the individual defendants as officers of Local No. 415.

"(d) Withdrawing any moneys now on deposit in any bank to the account or credit of Local No. 415 and from expending any such moneys deposited in banks.

"(e) Selling any securities, notes or bonds in the possession, custody or control of the individual defendants as officers of Local No. 415, and from failing and refusing to turn

over the affairs of said Local No. 415 to plaintiff, Perrigo.

"5. That an attachment be issued and levied upon the moneys on hand, moneys deposited in banks and securities, notes or bonds in the possession, custody or control of the individual defendants as officers of Local No. 415, and that the defendants holding said funds be required forthwith to transfer same into the Register of this Court subject to the orders of this Court.

"6. That upon the final hearing said injunction and attachment be made perpetual.

"7. And for such other and further relief in the premises as to the Court shall seem just and proper."

The amended answer and counterclaim of the defendants filed in the superior court action denied that plaintiff was entitled to the exclusive use of the designation local No. 415. It alleged that the action of the International in suspending the charter and its refusal to support local No. 415, relating to the strike called by said local against certain Chicago employers, constituted a termination, abrogation and abandonment by said International of the contract of affiliation previously existing between the International and local No. 415 and the members thereof, and that all obligation on the part of local No. 415, or all of the members thereof, to further observe any of the terms of such contract of affiliation ceased and terminated; that in consequence thereof, neither local No. 415 nor the members thereof were or are answerable in any manner or fashion to the International for any of the acts of local No. 415 or its members, nor are they under any duty to further observe any of the terms of the International constitu-

163

tion after the breach of the contract of affiliation by said International.

In their counterclaim, they prayed for an injunction against the International and its officers and agents from attempting to take possession of the property, books, records and papers of local No. 415, or appropriating the same to its use, and from interfering with the conduct of the business of local No. 415 or the individual defendants from exercising their duties and functions as officers of said local.

It appears from the record that upon a hearing of applications made by plaintiffs in the superior court action for a temporary injunction against the defendants, and by the defendants for an injunction against the plaintiffs as prayed for in the countercomplaint, the court entered an order temporarily enjoining the plaintiffs in that action from directly or indirectly, by any act or statement, threatening, intimidating, coercing or harassing or attempting to threaten, intimidate, coerce or harass any member or officer of Printing Specialties and Paper Products Union No. 415, by acts or threats of physical violence, and enjoining the defendants therein named, among other things, from removing from Cook county any of the books, records, papers, moneys and securities under their custody or control, belonging to said local No. 415, and from destroying any books or records of said local, and from expending any moneys on hand or on deposit to the credit of said local, except to pay the necessary expenses for operating said local, specifically enumerated in said order. Obviously, the superior court in its sound discretion determined that its injunction order would properly preserve the status quo.

It was after the granting of the temporary injunction in the superior court that plaintiffs filed the instant action in the circuit court. Plaintiffs argue that they had the right to institute the instant action since

164

what the defendants did in disaffiliating from the International and organizing an independent union local with the same designation occurred after the bringing of the action in the superior court.

The answer and the counterclaim of the defendants in the superior court action declared clearly their intention to disaffiliate from the International. They said in their answer that the notice of suspension of the charter and the demand on the defendants to turn over all of the property and records of local No. 415 to the designated agent of the International constituted a termination of their contractual relation with the International and a disaffiliation, and that they no longer intended to be bound by the constitution and by-laws of the International or by any order or edict of the International. The disaffiliation was thus fully declared before the instant action.

In the instant complaint plaintiffs allege that the name Printing Specialties and Paper Products Union No. 415 is a valuable property right and an asset of plaintiffs. If that be so, the superior court action included the same property right which they now seek to protect by injunctive relief. The superior court is a court of concurrent jurisdiction with that of the circuit court and has ample jurisdiction as to all of the relief sought in the instant action. What the defendants did after the bringing of the superior court action, which plaintiffs regard as a disaffiliation, could well have been made known to the superior court by supplemental pleadings, if necessary, as a basis for such injunctive relief. To us it appears clear that the superior court had jurisdiction over the subject matter and the parties.

In *Leonard v. Bye,* 361 Ill. 185, 188, the Supreme Court quoted with approval a statement of the applicable rule of law:

165

" 'The principle is well settled that the pendency of a prior suit for the same thing, or, as is generally said, for the same cause of action, in a court of competent jurisdiction, between the same parties, will abate a later suit; because the latter is deemed unnecessary and vexatious.' "

In *Plume & Atwood Mfg. Co. v. Caldwell,* 136 Ill. 163, 165, it was said:

"It is familiar that where two or more courts have concurrent jurisdiction of the same subject matter, the court first acquiring it by service of process will retain the same to the exclusion of the other."

To the same effect is *Haas v. Righeimer,* 220 Ill. 193, 196. It was there also said (p. 197):

"Under these circumstances it is not necessary that the parties to the two suits should be precisely the same. There is here a substantial identity of parties, which is all that is necessary."

The circuit court, upon the showing made, should have refused to entertain the instant action, since it was excluded from taking jurisdiction by the pendency of the prior action in the superior court.

Accordingly, the order appealed from is reversed.

*Reversed.*

Lewe, P. J. and Kiley, J., concur.