Federal Savings & Loan Insurance Corporation, Plaintiff-Appellee, v. La Salle National Bank, Trustee Under Trust No. 28171, and Howard B. Quinn, et al., Defendants-Appellants.

**Gen. No. 66–23.**

Second District.

December 29, 1966.

Rehearing denied February 15, 1967.

Samuel E. Hirsch, and Boodell, Sears, Foster, Sugrue & Crowley, all of Chicago, for appellants.

Gomberg, Levin & Rosen, and Sidney Z. Karasik, all of Chicago, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

The instant case was filed to foreclose three mortgages in default involving some eleven hundred acres of farm-

land in Lake County. Hillside Savings and Loan Association, the original mortgagee, underwent voluntary liquidation and plaintiff, a corporation of the United States, succeeded to the interest of Hillside Savings and Loan. The defendant-trustee held title to the property in question for the benefit of the individual defendants.

More than one year after filing an answer to the complaint for the foreclosure the individual defendant obtained leave and filed a counterclaim alleging matters involving himself and Hillside Savings and Loan, which while on the fringe of the pending controversy were not directly related.

The plaintiff filed a motion to dismiss the counterclaim and the trial court granted that motion "without prejudice." Subsequently, the trial court denied leave to file a new counterclaim. No appeal was taken from either of the trial court's orders with reference to the original or the new counterclaim.

The trial court heard testimony and ultimately granted a decree of foreclosure. Pursuant to that decree the property was sold and the proceeds have been distributed.

■ The individual defendant filed this appeal without supersedeas or bond. The notice of appeal provided only that the appeal was "taken from the entire order of foreclosure entered in the above entitled cause on the 9th day of December 1965." The brief filed by the individual defendants in this court and their oral argument has been solely directed to the proposition that the trial court committed error in dismissing the counterclaim. It appears, therefore, that they have filed an appeal on one issue and argued another. The decision of the trial court could be affirmed simply on the basis that no appeal was taken from the trial court's decision with reference to the counterclaim and that the issue appealed from was not raised or argued in this court and is

therefore waived. (Appellate Court Rule 7, c 110, § 201.7, Ill Rev Stats 1965.) Despite the fact that the case could be affirmed based upon the foregoing without further consideration, we conclude that the interest of justice will best be served by consideration of one further matter.

One week before filing the counterclaim in the trial court the individual defendants filed suit in the United States District Court for the District of Columbia against the plaintiff in this case raising the same issues and involving the same controversy that were raised and involved in the counterclaim. In oral argument before this court counsel for the individual defendants admits that that suit was filed and is still pending. In effect counsel urges reversal so that the same case could be tried in two different courts, with neither having priority of jurisdiction over the other.

Section 48(1)(c) of the Civil Practice Act (Ill Rev Stats, 1965, c 110, par 48(1)(c) provides for dismissal on the ground:

"That there is another action pending between the same parties for the same cause."

 Prior to 1964 there was controversy in the Illinois Courts as to whether or not the phrase "the same cause" required that similar actions both pend in the Illinois Courts for dismissal. The case of F & F Laboratories, Inc. v. Chocolate Spraying Co., Inc., 6 Ill App2d 299, 127 NE2d 682 (1955), had held that dismissal was required even though the similar case was pending in a Federal Court and in an Illinois State Court, whereas the case of Skolnick v. Martin, 47 Ill App2d 167, 197 NE2d 739 (1964), had held at the Appellate level, that both cases must be pending in the Illinois Courts before a dismissal was required. The Supreme Court of Illinois took jurisdiction of Skolnick v. Martin to resolve the

conflict and held in 32 Ill2d 55, 59, 203 NE2d 428, that the phrase "for the same cause" applied ". . . irrespective of the jurisdiction in which the other action was pending." The court further said at page 59:

". . . the Civil Practice Act was designed to eliminate the formalized rules of common-law pleading and to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. (Citation.) Indeed, it is the express direction of section 4 that the act shall be liberally construed to the end that controversies may be speedily and finally determined. (Ill Rev Stats 1961, chap 110, par 4.) Certainly the elimination of repetitious suits and the relief of courts and litigants alike from the unnecessary burden of trying the same issues pending in another action are consistent with the purpose and spirit of the Civil Practice Act, and it can hardly be said that actions for the same cause filed in the Federal courts or those of our sister States are less repetitious or burdensome than those filed within our own jurisdiction."

The court went on to say at page 60:

"Certainly neither due process nor equal protection requires a right to entertain more than one action for the same cause, and just as certainly our statute does not interfere with or take away plaintiff's right to pursue his action in a Federal court."

In this case the defendants' counterclaim was dismissed "without prejudice." He has lost nothing and he has an action pending in a court of competent jurisdiction raising the same questions.

While we believe that the counterclaim issue has not been properly presented to us, yet we conclude that upon

411

the merits of such issue, the speedy and proper administration of justice require us to sustain the trial court.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.