Vincent McGrath *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* Lake City Corporation, Defendant and Third-Party Plaintiff— (Allan Gustafson, Third-Party Defendant and Counterplaintiff-Appellant.)

(No. 58545; ▮▮▮▮▮▮)

First District (1st Division)—November 5, 1973.

*Modified opinion upon denial of rehearing December 5, 1973.*

Julian R. Wilheim, of Chicago, for appellant.

Green and Barnard, of Chicago, for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Allan Gustafson appeals to this court from an order granting a motion to dismiss his counterclaim. The order of dismissal made the necessary certification as to finality thereof (Ill. Rev. Stat. 1971, ch. 110A, Rule 304(a).) Since no evidence was taken, all pertinent facts appear from the common law record.

The issues arise from two cases filed in the circuit court on the same day. An explanation of both is required.

In the first case, circuit court No. 71 CH3506, Gustafson brought suit against Vincent G. McGrath and Beverly Bank, as trustee under Trust No. 8-2584. Two other parties defendant were dismissed sometime prior to the entry of the order appealed from. Gustafson's complaint prayed for appointment of receiver, injunctive relief, an accounting and judg-

ment for sums due plaintiff, declaratory relief, specific performance and general relief. This complaint was based upon a written agreement dated February 3, 1971, between Gustafson and McGrath which dissolved a preexisting partnership between them and which contained various provisions regarding assets of the parties. A copy of the agreement was appended to the complaint.

Thereafter, prior to entry of the order appealed from, Gustafson filed Count II to the complaint in which he sought damages against McGrath for alleged failure to make payments on a collateral loan which the parties had made from one Walter B. Krych. This initially filed case remains pending. On oral argument, counsel for both sides agreed that a motion by McGrath to dismiss the suit had been denied and that Count I, seeking chancery relief, would first proceed to trial in due course.

Shortly after the filing of this initial suit, No. 71 CH3506, McGrath and his wife filed suit in the circuit court of Cook County, No. 71 CH3508. This is the suit in which the order appealed from was subsequently entered. The only defendant to this later suit was Lake City Corporation. Count I of the McGrath complaint alleged that McGrath and Gustafson had made a collateral loan from Lake City. The loan was secured by an assignment to Lake City from McGrath and his wife of beneficial interests in two trusts. The complaint alleged that the note had been paid in full but that Lake City had refused to reassign the collateral. Plaintiffs prayed an order requiring return of the collateral to them. The second count of the complaint prayed damages against Lake City for refusing such reassignment.

Lake City filed its answer alleging that the note had been paid in full, not by the plaintiffs but by a company named Glendower Associates, pursuant to the direction of Gustafson, and the collateral had been reassigned to Glendower at the time of payment. Lake City also filed a third-party complaint against Gustafson seeking indemnity by virtue of a written agreement signed by Gustafson at the time of repayment of the loan in which he agreed to save Lake City harmless from all claims against it by virtue of its reassignment of the collateral to Glendower.

In due course Gustafson filed an answer to the third-party complaint and also the counterclaim which is involved in the within appeal. The counterclaim alleged the execution of the agreement between Gustafson and McGrath on February 3, 1971, for dissolution of their partnership. A copy of the agreement was appended to the counterclaim. The counterclaim alleged various instances in which McGrath had allegedly failed to comply with the provisions of this agreement including failure to account. The counterclaim prayed judgment against McGrath for the

financial losses thus caused to Gustafson, including the failure of Mc-Grath to repay the Walter B. Krych loan.

McGrath filed a motion (thereafter amended) to strike and dismiss the counterclaim. The motion alleged the filing of the previous case, No. 71 CH3506, by Gustafson against McGrath and others. Certified copies of the complaint and amendment in the previous case were filed with the motion. The motion prayed dismissal of the counterclaim on the basis of section 48 (c) of the Civil Practice Act. Upon hearing, the trial court granted this motion as amended and dismissed the counterclaim. The only issue raised in this appeal is the legal validity of this order under section 48(c) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 48(c),) which provides for dismissal of an action upon motion where "* * * there is another action pending between the same parties for the same cause."

In our opinion, the definitive authority which requires affirmance of the order appealed from is *Skolnick v. Martin,* 32 Ill.2d 55, 203 N.E.2d 428. The gist of this decision, which is applicable to and dispositive of the case before us, is as follows (32 Ill.2d at 57):

> "The section refers to 'the same cause,' not to the same 'cause of action,' and it has been held that actions are 'for the same cause,' when relief is requested on substantially the same state of facts. (*Leven v. Birrell,* 91 N.Y.S.2d 729, 731; cf. *Meier v. Hilton,* 257 Ill. 174; *Carlin v. City of Chicago,* 262 Ill. 564; *James V. Langley,* 323 Ill.App. 268; *Marco v. Dulles,* (D.C.N.Y.) 177 F.Supp. 533, 549-550.) Measured by this test, the two actions here were 'for the same cause.' And in any case, we have held that identity of cause of action depends upon identity of transaction or occurrence. *Geneva Construction Co. v. Martin Transportation Co.* 4 Ill.2d 273, 288."

The decision in *Skolnick* has been quoted and followed by this court in *Sidwell v. Sidwell,* 75 Ill.App.2d 133, 220 N.E.2d 479, involving an action for separate maintenance filed by the wife in one county and an action for divorce filed by her in another. The court held that one of these suits was properly dismissed because they were both "for the same cause and the relief requested relates to substantially the same state of facts." (75 Ill.App.2d at 143.) *Federal Savings & Loan Insurance Corp. v. La Salle National Bank,* 78 Ill.App.2d 408, involved a counterclaim filed in proceedings pending in Lake County, Illinois, and a suit in the United States District Court for the District of Columbia, both "raising the same issues and involving the same controversy * * *". (78 Ill. App.2d at 410.) The Appellate Court of Illinois for the Second District

approved dismissal of the counterclaim under the authority of section 48(c) of the Civil Practice Act as construed in *Skolnick*.

■■ The informed person who reads this opinion will undoubtedly ask, "Why were not these two cases consolidated?" When this question was put on oral argument, counsel both agreed that a motion to consolidate had been made by Gustafson and denied. The validity of this order is not involved in the within appeal.

The order appealed from is accordingly affirmed.

Order affirmed.

BURKE, P. J., and HALLETT, J., concur.