EARL N. BONOVICH, Plaintiff-Appellant, v. CONVENIENT FOOD MART, INC. et al., Defendants-Appellees.

(No. 58248; )

First District (4th Division)—March 27, 1974.

*Rehearing denied April 24, 1974.*

John O. Demaret and Richard G. Crotty, both of Chicago, for appellant.

Kirshbaum and Kroll, of Chicago (Barry L. Kroll, Charles C. Kirshbaum and Marvin P. Shore, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Earl N. Bonovich, has been a franchisee of Convenient Food Mart since November 29, 1965. On September 28, 1971, he brought an action "individually and in a representative capacity on behalf of all franchisees of Convenient Food Mart" against the defendants for alleged violations of the Illinois Antitrust Act.[1] The complaint alleged that defendants unlawfully restrained trade through the use of tying arrangements and price fixing in that, as a condition precedent to entering into an exclusive franchise agreement with Convenient Food Mart, plaintiff was compelled to purchase all requirements of milk, cream and other dairy products from Scot Lad Foods, Inc., and all ice cream products from Bresler Ice Cream Company. Plaintiff's complaint further averred that he sustained a financial loss because he was unable to purchase dairy and ice cream products at cheaper prices from other companies and, therefore, could not compete in price with similar convenience stores in such products.

Previously, on June 8, 1971, the Attorney General of the State of Illinois had filed a complaint (71 CH 4218) against the defendants for the same alleged violations of the Illinois Anti-trust Act. After a 5-day trial on the merits, a finding in favor of the defendants was entered in the People's case on December 22, 1971.

Plaintiff filed an amended complaint on February 25, 1972. All defendants filed motions to strike the amended complaint, based principally upon the legal effect of the prior judgment entered in the People's suit. On June 8, 1972, the Honorable Daniel A. Covelli ordered the amended complaint stricken, and plaintiff appeals from that order.

On appeal, plaintiff presents several issues for review but the only one we consider necessary to discuss is whether or not plaintiff's action is barred as a result of the prior anti-trust action brought against the defendants herein by the Attorney General of the State of Illinois.

The question posed by this appeal is not answered, in specific terms, by the statute. Section 60—7(1) of the Illinois Antitrust Act authorizes

---

[1] Ill. Rev. Stat. 1971, ch. 38, § 60—1 et seq.

the Attorney General to institute civil proceedings to prevent and restrain violations of the Act and directs the court, in such proceedings, to determine whether a violation has been committed. Section 60—7(2) of the Act permits any person who has been injured in his business or property by a violation of the Act to maintain an action for damages and for an injunction. The Act is silent as to whether an allegedly injured person may bring an action under section 60—7(2) where the Attorney General has already done so under section 60—7(1).

Pursuant to section 60—7(1), the Attorney General brought suit against the defendants to establish whether a violation of the Act existed. We believe that the Attorney General's action, filed in the name of the People of the State of Illinois, was brought on behalf of all the people in the state, including plaintiff and the other Convenient Food Mart franchisees, who were adversely affected by the alleged antitrust violations.

In *Little v. Chicago National Life Insurance Co.* (1937), 289 Ill.App. 433, 7 N.E.2d 326, the court ruled that where the Attorney General of Illinois, in that case acting for the Director of Trade and Commerce of Illinois, had instituted a receivership action against a corporation, a creditor of the corporation could not thereafter maintain a separate action against that corporation because the action by the Attorney General was "another suit pending between the same parties for the same cause, within the meaning of par. (d), sec. 48, of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 176; Jones Ill. Stats. Ann. 104.048." Under the Civil Practice Act currently in effect, section 48(1)(c) provides for involuntary dismissal or other appropriate relief where there is another action pending between the same parties for the same cause. (Ill. Rev. Stat. 1971, ch. 110, § 48(1)(c).) In view of the foregoing, we hold here that the action filed by the Attorney General barred plaintiff from thereafter maintaining the same action against the defendants.

The Attorney General's suit, pending when plaintiff filed his original complaint, resulted in a judgment for defendants after a 5-day trial on the merits. Plaintiff now seeks to bring an action based on facts that are identical to those already litigated in the People's suit. Both actions allege the same violations against the same defendants. Moreover, both actions are civil proceedings in nature; thus the same quantum of proof is required in both suits.

In our opinion, a defendant need stand trial only once on the question of whether his practices violate the Illinois Antitrust Act, provided that action is prosecuted by the Attorney General of the State of Illinois. Our ruling is based upon the policy of discouraging a multiplicity of suits— of protecting the defendant from oppression, from the grievance of

double vexation for the same cause. (*Leonard v. Bye* (1935), 361 Ill. 185, 197 N.E. 546.) Since the defendants' conduct passed judicial scrutiny in the action instituted by the Attorney General, the defendants should not be required to defend against the same allegations of antitrust violations.

The order of the circuit court is affirmed.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.