CROWDUS BAKER *et al.*, Plaintiffs-Appellants, *v.* WILLIAM R. SALOMON *et al.*, Defendants-Appellees.

(No. 59592; ▮▮▮▮▮▮▮

First District (2nd Division)—July 29, 1975.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John F. McClure, of counsel), for appellants.

Sidley & Austin, of Chicago (Newton N. Minow, Theodore N. Miller, Edmund H. Kerr, and Cleary, Gottlieb, Steen & Hamilton, of counsel), for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Our statute governing civil practice provides that if, at the time a suit is filed, another is pending between the same parties for the same cause, the defendant may file a motion to dismiss. Using this ground, defendants moved to dismiss plaintiffs' suit. They were sustained. In this appeal, the issue presented is whether a suit filed by defendants in New York 59 minutes before this suit was filed in Chicago was "between the same parties," as that term is used in our Civil Practice Act.

I.

On June 8, 1973, at 10:36 a.m., Crowdus Baker and 8 other plaintiffs, trustees of the Savings and Profit Sharing Fund of Sears Employees, filed this suit against William R. Salomon, 36 other defendants individually and as partners and Salomon Brothers, a partnership, alleging that on March 26, 1973, in Chicago, they requested that defendants sell 77,100 shares of common stock of Equity Funding Corporation of America owned by the Profit Sharing Fund; that for a net consideration of $1,322,616.70, or $17.25 per share, defendants sold or purchased the shares, issued confirmations, and set April 2, 1973, for settlement; that plaintiffs tendered the shares to the bank which defendants had designated to accept delivery, but on defendants' direction, the bank refused to pay. Plaintiffs prayed judgment against defendants, jointly and severally, in the sum of $1,322,616.70, with 5% interest from April 2, 1973.

Fifty-nine minutes before plaintiffs filed this suit, but unknown to them, Salomon Brothers had filed one in the United States District Court for the Southern District of New York against the Savings and Profit Sharing Pension Fund of Sears, Roebuck and Co. Employees, seven of the nine trustees who were plaintiffs here, Austin T. Cushman, J. Huber Wetenhall, John Doe, Richard Roe, trustees of the Savings and Profit Sharing Fund of Sears, alleging that the decision to sell the 77,100 shares of stock was based on an inside tip concerning fraud in the management of Equity Funding Corporation which the plaintiffs in this case had received sometime between March 12 and 26, 1973; that their failure to disclose, or their omission to state, the material facts and information they had in connection with their decision to sell the Equity Funding common stock constituted a manipulative and deceptive device and contrivance which violated provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934, and rules and regulations of the Securities and Ex-

change Commission promulgated thereunder; and that, accordingly, in addition to such other relief as may be deemed just and proper, plaintiff was entitled to a rescission of the stock sale.

This was the prior suit to which defendants referred in their motion to dismiss. Plaintiffs answered, admitting existence of the earlier suit and conceding that it was for the same cause, a question which we, therefore, do not reach. They alleged, however, that the first suit and this one were not between the same parties. Plaintiffs pointed out that the suit in New York was by one plaintiff, Salomon Brothers, while this suit was by 9 plaintiffs, 2 of whom were not parties to the New York action; that the defendants in the New York suit included Sears Employees Savings and Profit Sharing Fund, Austin T. Cushman, J. Huber Wetenhall, John Doe and Richard Roe, none of them parties to this suit; and that Salomon Brothers' partners, 36 of them, all defendants in this suit individually, were not parties to the New York action. Therefore, plaintiffs contended that the two suits were not between the same parties. Defendants contended that, although the parties in the two suits were not identical, they were substantially the same.

The trial court received briefs, heard arguments of counsel and then entered an order that dismissed plaintiffs' suit, sustaining the ground that there was a pending action between the same parties for the same cause. In this court, plaintiffs reiterate their contention that the two suits were not between the same parties. Defendants repeat their contention that the parties in the two actions, although not identical, were substantially the same because the parties were the Savings and Profit Sharing Fund of Sears Employees who sued representatively in this case by the named plaintiffs-trustees and Salomon Brothers, a partnership named as a defendant in this suit but the plaintiff in the pending New York action. Therefore, we must determine the meaning of the term "same parties" as it is used in our Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c)). And in doing so, we will have to decide whether, under the Act, a pending action between substantially the same parties is ground for dismissal of a second suit.

## II.

As far as our research and that of counsel can ascertain, no reviewing court of this State has ever decided what is meant by the words "same parties," as they appear in section 48(1)(c) of our Civil Practice Act. However, the words "same cause" which conclude the subsection were construed in *Skolnick v. Martin*, 32 Ill.2d 55, 203 N.E.2d 428. There, our supreme court held that with regard to suits filed one before another, the actions are for the "same cause" when in both cases, the relief requested

is on substantially the same state of facts. (32 Ill.2d 55, 57.) In other words, in "* * *" another action pending between the same parties for the same cause," substantially the same cause is ground for dismissal of a later suit. See *McGrath v. Lake City Corporation*, 15 Ill.App.3d 829, 305 N.E.2d 191; Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(c); compare *People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District*, 54 Ill.2d 442, 298 N.E.2d 177; *Bonovich v. Convenient Food Mart, Inc.*, 18 Ill.App.3d 884, 310 N.E.2d 710.

■■ Moreover, before enactment of the statute that later became section 48(1)(c), an objection to a second suit because of a prior pending action would have been raised by a plea in abatement. (*Consolidated Construction Co. v. Malan Construction Corp.*, 42 Ill.App.2d 272, 192 N.E.2d 263; see *Seaboard Finance Company v. Davis* (N.D. Ill. 1967), 276 F.Supp. 507, 516; Weisbrod, *Some Observations on Section 48 of the Illinois Civil Practice Act*, 16 Chicago-Kent L. Rev. 118, 130 (1938).) In determining whether an earlier suit was between the same parties for the purpose of common-law abatement, it was consistently held that the litigants in the two suits did not have to be precisely the same. All that was necessary was substantial identity of the parties. (*Haas v. Righeimer*, 220 Ill. 193, 197, 77 N.E. 69; see *Leonard v. Bye*, 361 Ill. 185, 197 N.E. 546; compare *International Printing Pressmen & Assistants' Union of North America v. Rebenson*, 350 Ill.App. 156, 112 N.E.2d 192.) These holdings conform to the rule that for a prior action to be pleaded in abatement of a later one, the two actions had to be substantially for the same cause of action, and had to be between the same, or at least substantially the same, parties, and conversely, if the parties in the two actions were not, at least substantially, the same, the pendency of the prior action could not be pleaded in abatement of the subsequent one. (*In re Annexation to Village of Willowbrook*, 62 Ill.App.2d 45, 210 N.E.2d 25; *McFadden v. St. Paul Coal Co.*, 183 Ill.App. 36; *aff'd* 263 Ill. 441, 105 N.E. 314; 1 C.J.S. *Abatement and Revival* § 56 (1936).) Thus, it appears that at the time the legislature adopted the statutory substitute for common-law abatement of suits, the word "same", as applied to parties, did not mean identical. (Compare *Chidester v. Cagwin*, 76 Ill.App.2d 477, 222 N.E.2d 274.) When in *Skolnick*, the supreme court construed the word "same" as applied to cause, it decided that "the same cause" did not mean an identical one; it meant one that was substantially the same.

■■■ In statutory construction, it is a rule of long standing that where the same, or substantially the same, words or phrases appear in different sections of a statute, they will be given a generally accepted and consistent meaning where legislative intent is not clearly expressed to the contrary. (*Moran v. Katsinas*, 16 Ill.2d 169, 157 N.E.2d 38; *People ex rel.*

*Lipsky v. City of Chicago*, 403 Ill. 134, 85 N.E.2d 667.) Therefore, a word that appears more than once in a statute is presumed to have been used by the legislature with the same meaning each time, absent an indication that a different meaning was intended. (*Moweaqua Coal Corp. v. Industrial Com.*, 360 Ill. 194, 195 N.E. 607; *People v. Jackson*, 66 Ill.App.2d 276, 214 N.E.2d 316.) This being so, the word "same" as it modifies "parties" in the first part of section 48(1)(c) must be given the same meaning it has when it modifies "cause." We conclude that in the section in question, "same parties" means that in consecutive suits, the litigants are substantially the same, not identical.

With this meaning in mind, we notice that Crowdus Baker and 8 other plaintiffs, all of them trustees of the Savings and Profit Sharing Fund of Sears Employees, filed the suit in this case against William R. Salomon, 36 other defendants individually and as partners, and Salomon Brothers, a partnership. The controversy between them was a contract in which, allegedly, Salomon Brothers had agreed to sell 77,100 shares of common stock of Equity Funding Corporation. Baker and the other plaintiffs were suing representatively as trustees. The real defendant, although the partners were also named, was Salomon Brothers, the partnership.[1] Thus, the subject matter in controversy was the contract for sale of the stock and the litigants were the Profit Sharing Fund, on the one hand, and Salomon Brothers, the partnership, on the other.

■■ Unknown to plaintiffs at the time they began their suit, another had been filed 59 minutes earlier in the United States District Court for the Southern District of New York. In that one, Salomon Brothers, the partnership, was the only plaintiff. Defendants were seven of the nine plaintiffs in this suit, Austin T. Cushman, J. Huber Wetenhall; and in addition, John Doe, Richard Roe, described trustees of the Profit Sharing Fund for Sears. The subject matter of that suit was the contract for the sale of stock; in other words, the same subject and the same controversy. Therefore, we conclude that the litigants in the two suits were substantially the same; and thus, they were "between the same parties," as that term is used in section 48(1)(c) of our Civil Practice Act. Compare *Fredman v. Clore*, 13 Ill.App.3d 903, 301 N.E.2d 7; see *Clore v. Fredman*, 59 Ill.2d 20, 319 N.E.2d 18; 1 I.L.P. *Abatement* § 30 (1953).

It follows that the trial court ruled correctly when it sustained defendants' motion to dismiss. There is no reason to believe that defendants

---

[1] In their brief, defendants inform us that Salomon Brothers is a partnership whose total assets are $2,000,000,000 and whose net worth, plus subordinated obligations, exceeds $100,000,000, an amount sufficient to satisfy the loss alleged in the suit. It is for this reason that we conclude the real party in interest is the partnership.

are estopped from insisting on proceeding with the earlier suit. Nor is there any reason to believe that the forum of the first suit is not a convenient one for resolution of the issues between the parties. (See *Barnes v. Peat, Marwick, Mitchell & Co.* (1973), 42 App. Div.2d 15, 344 N.Y.S.2d 645; Fed. R. Civ. P. 13(a), 28 U.S.C.A. 1975 Supp.; 15 U.S.C. §§ 77v, 78aa (1970).) For these reasons, the order dismissing plaintiffs' suit is affirmed.

Affirmed.

DOWNING, P. J., and HAYES, J., concur.