*In re* LINDA MURO.—(THE PEOPLE OF THE STATE OF ILLINOIS,
Petitioner-Appellee, *v.* LINDA MURO, Respondent-Appellant.)

Fourth District   No. 15576

Opinion filed February 11, 1980.

TRAPP, J., dissenting.

Anthony E. Novak, Assistant Public Defender, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Donald R. Parkinson, Assistant State's Attorney, of counsel), and Kim Irvine, law student, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On March 23, 1979, respondent, Linda Muro, was found hitchhiking in a confused state on an interstate highway in Champaign County. Respondent is 34 years old and a resident of Peoria County.

Respondent was brought to the Champaign police department where she was interviewed by a social worker. Thereafter she was hospitalized at Mercy Hospital in Urbana. On March 26, 1979, a petition for involuntary judicial admission to a mental health facility was filed with the circuit court of Champaign County. On March 29, 1979, a hearing was scheduled for April 2, 1979, to determine whether respondent was a person subject to involuntary admission. The hearing was to be held in Rantoul, Champaign County.

On April 2, 1979, prior to the commencement of the hearing, respondent, by her attorney, made an oral motion to transfer the commitment hearing to Peoria County. The trial court heard arguments on the motion, denied respondent's request for change of venue without stating a basis therefor and called the matter for immediate hearing in Rantoul.

After the hearing, the court found respondent to be in need of mental treatment and subject to involuntary admission to a mental health facility. The court ordered respondent to be hospitalized with the Department of Mental Health at the Zeller Mental Health Zone Center, Peoria.

■■ Respondent appeals from the order of involuntary commitment and the order denying her motion for change of venue. The appeal involves a single issue: Whether the trial court should have allowed respondent's motion for a change of venue.

Section 3—800 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 3—800) provides, in part:

> "(a) Unless otherwise indicated, court hearings under this Chapter shall be held pursuant to this Article. * * * Any party may request a change of venue or transfer to any other county because of the convenience of parties or witnesses or the condition of the respondent. The respondent may have the proceedings transferred to the county of his residence."

At the April 2, 1979, hearing, respondent requested that the hearing be held in Peoria County where she resides.

The State argues that the trial court did not err in denying respondent's motion for a change of venue because the decision to allow the transfer is a determination within the trial court's discretion. The State, citing *United States v. Cook* (7th Cir. 1970), 432 F.2d 1093, *cert. denied* (1971), 401 U.S. 996, 28 L. Ed. 2d 535, 91 S. Ct. 1224, observes that in the construction of statutes, the word "may," as opposed to "shall," is indicative of discretion or choice between two or more alternatives.

While the foregoing rule of thumb was recited in *Cook*, the Court, in the same sentence, qualified the rule by noting that the context in which the word appears must be the controlling factor.

> " ' "May" ordinarily connotes discretion, but neither in lay or legal understanding is the result inexorable. Rather, the conclusion to be reached "depends on the context of the statute, and on whether it is fairly to be presumed that it was the intention of the legislature to confer a discretionary power or to impose an imperative duty." ' "

432 F.2d 1093, 1098, quoting *Thompson v. Clifford* (D. C. Cir. 1968), 408 F.2d 154, 158.

The supreme court in *People ex rel. Barrett v. Barrett* (1964), 31 Ill. 2d 360, 364-65, 201 N.E.2d 849, 851, stated another rule of statutory

construction: "[S]ignificance and effect should, if possible, without destroying the sense or effect of the law, be accorded every paragraph, sentence, phrase and word. [Citation.] A statute should be so construed, if possible, that no word, clause or sentence is rendered meaningless or superfluous." See also *People v. Warren* (1977), 69 Ill. 2d 620, 627, 373 N.E.2d 10.

We agree with respondent's contention that the plain meaning of section 3—800 mandates the trial court to transfer the case to the county of respondent's residence.

The first provision of section 3—800 provides that "[a]ny party *may request* a change of venue or transfer to any other county" for certain enumerated reasons. (Emphasis added.) (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 3—800.) The second provision provides that "[t]he respondent *may have* the proceedings transferred to the county of his residence." (Emphasis added.) (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 3—800.) "May request" clearly indicates that transfer for those enumerated reasons is subject to the trial court's discretion. The word "request" means to ask for something; the word itself does not connote certainty as to the granting of the request.

The legislature has chosen to address separately the situation where the respondent requests that the hearing be transferred to his residential county. Here, the legislature states not that the respondent "may request" the proceedings to be transferred, but, rather, that the respondent "may have" the proceedings transferred. The plain meaning of "may have," when read with the statute's preceding provision, indicates that once the respondent requests a transfer to his county of residence, the trial court must order the transfer. To interpret this provision otherwise would render it superfluous or meaningless. If such transfer also was within the trial court's discretion, it would be encompassed by the preceding "request" provision.

We believe that this interpretation fulfills a probable purpose for the "may have" provision of section 3—800. As respondent points out, in most circumstances an involuntary commitment proceeding would be conducted in a respondent's county of residence. Therefore, in a case where a petition is filed in another county, the legislature apparently has decided that the hardship which might be imposed on a respondent who is separated from family, friends, and familiar surroundings requires the cause to be transferred upon request.

■■ The State also argues on appeal that respondent failed to comply with the procedures for requesting a change of venue that are prescribed in section 3 of the venue act (Ill. Rev. Stat. 1977, ch. 110, par. 503).

Section 6—100 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 6—100) provides, in part,

that judicial proceedings conducted under the Code shall be conducted in accordance with the Civil Practice Act. Section 3 of the venue act (Ill. Rev. Stat. 1975, ch. 146, par. 3, now Ill. Rev. Stat. 1977, ch. 110, par. 503) states:

> "Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue * * *."

Respondent's motion was made before the judge ruled on any issue, but the motion was oral.

The State argues that section 3 is controlling since the venue provision of the Mental Health Code does not specify the procedures for change of venue. The State concludes that since respondent did not file a verified petition prior to the hearing, the trial court did not have the authority to grant her request. We disagree. The verified petition requirement of the venue act is limited in its application to those reasons for change of venue that are set out in section 1 of that act: where the judge has some type of interest in the action or relationship with a party or where a party fears that he will not receive a fair trial due to judicial or community prejudice. Ill. Rev. Stat. 1977, ch. 110, par. 501(1), (2).

The judgment is reversed and cause remanded with directions to allow respondent's motion.

Reversed and remanded with directions.

GREEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

The statute here examined (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 3—800) uses the word "shall" on four occasions in two paragraphs. In the same paragraphs, the word "may" is used three times. It is agreed that in the sentence in which the word "may" modifies the word "request" the action of the court is deemed to be discretionary. In paragraph (b) of the statute, it is provided that upon a continuance of the proceeding, the respondent "may continue to be detained pending further order of the court." As a matter of plain language, the word "may" as it modifies "continue" imparts discretion in the making of an order with respect to detention.

The majority opinion, however, concludes that in the particular

usage where the word "may" modifies the word "request", there is created a mandatory duty of the trial court to change the place of hearing.

In *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 281-82, 334 N.E.2d 313, 316, the court stated:

> "In statutory construction, it is a rule of long standing that where the same, or substantially the same, words or phrases appear in different sections of a statute, they will be given a generally accepted and consistent meaning where legislative intent is not clearly expressed to the contrary. [Citations.] Therefore, a word that appears more than once in a statute is presumed to have been used by the legislature with the same meaning each time, absent an indication that a different meaning was intended. [Citations.] This being so, the word 'same' as it modifies 'parties' in the first part of section * * * must be given the same meaning it has when it modifies 'cause.' * * *."

See also *People v. Lutz* (1978), 73 Ill. 2d 204, 212, 383 N.E.2d 171, 174.

One here finds no clear legislative intent to change the meaning of the word "may" in the context of discretion.

I would affirm the trial court.